## RICHARD CURRIER *et al. Appellants, vs.* DELIVERANCE GREEN, *Appellee.*

*A.* an administratrix, having obtained license to sell the real estate of her intestate, whose estate had been represented insolvent, employed *B.* as her agent to sell the real estate at auction ; the lands were sold for less than their value, and *B.* had become interested in the purchase ; it was held that *A.* was chargeable in the settlement of the account of her administration with the full value of the land.

THIS was an appeal from a decree of the judge of probate in this county, allowing the appellee's account as administratrix on her late husband's estate. The estate of the intestate had been represented as insolvent, and the administratrix had been licensed by the judge of probate to sell the real estate for the payment of the debts. In pursuance of the license, the real estate had been sold, and the administratrix had charged herself with $421, as the amount of the proceeds of the sale. But it appeared in evidence, that although only $421 were bid at the auction, of which due notice was given, yet the agent and attorney of the administratrix, by a previous contract with the purchaser, in which it was agreed that the purchaser should bid off the land, and if it should be sold at a less sum than $500, the difference between the sum at which it should be struck off and the $500, should be divided between them, the agent of the administratrix to have two-thirds of that difference, and the purchaser one-third, received in fact of the purchaser $473 67. There was no evidence, however, that the administratrix had any knowledge of this contract between her agent and the purchaser, or that she received of the agent any thing more than the $421. It also appeared from the evidence, that $500 was a fair price for the land ; and that the agent of the administratrix actually conducted this suit.

*Fletcher,* for *Currier et al.*

*Noyes,* for *Green.*

RICHARDSON, C. J., delivered the opinion of the court.*

That a contract, like that which has been in this case proved to have been made between the agent of the administratrix and the purchaser of the real estate, is altogether improper and illegal, is too clear to admit of a doubt. The

---

* *Woodbury, J.* was absent this term, on account of the indisposition of his family.

moment any individual becomes the agent of another in the sale of an estate, he at once becomes incapacitated to make a contract which shall give him an interest in the purchase. This rule is founded on general principles of public convenience. As no court could be able in many cases to ascertain the truth, a contract of this kind is not permitted in any instance, however honest the circumstances may be, the general interests of the public requiring that it should be held to be invalid and illegal in every instance. "He "that is entrusted with the interest of others, cannot be al- "lowed to make the business an object of interest to himself; "because, from the frailty of nature, one who has the pow- "er will too readily be seized with the inclination to use the "opportunity for serving his interest, at the expense of those "for whom he is intrusted."(1)

(1) Sugden's Law of Vendors 392.

In this case the executrix herself must be considered as an agent, authorized to sell the estate, and bound to apply the proceeds of the sale to the payment of the debts of her intestate. And we entertain no doubt, that if the administratrix had been a party to the contract, which was secretly made by her agent with the purchaser in this case, she might have been legally charged with a sum equal to the full value of the land. It has always been held, that if an administrator sell goods at an undervalue, it is waste, for which he may be charged.(2) And if executors and administrators, who have obtained license to sell real estate for the payment of debts, through fraud and connivance, sell at an undervalue, there seems to us to be no good reason why they should not be in some way chargeable to creditors who suffer by the fraud. When the estate is insolvent, no method has occurred to us, by which creditors can charge executors and administrators in such cases, but by contesting the accounts which they render of their administration. Nor do we see any objection to thus charging them with whatever has been lost to the estate by their frauds. We do not mean to say that the conveyance cannot be avoided in such cases. But admitting that it can be avoided, that would often afford a very inadequate remedy for the injury;

(2) Went. Ex'rs. 157.

for, before the conveyance could be avoided and the land again sold, its value might be very materially lessened.

But there is no evidence in this case to shew, that this administratrix was connusant of the contract made by her agent with the purchaser. And as the agent is not a party to these proceedings, and will not be bound by our decision in this case, but will be at liberty, in any suit the administratrix may bring against him, to contest the facts which have been proved in this case, and to shew, if he can, that no such facts exist, it would be unjust to charge the administratrix, until she can have an opportunity to call her agent to an account. We entertain no doubt that it is the duty of this administratrix to examine well the conduct of her agent, and to compel him to make good to the estate whatever has been lost by his fraud or misconduct. And if she shall refuse to call him to an account, she must be considered as conniving with him, and must be charged with the full value of the land. If she shall elect to proceed against her agent, nothing must be done without the advice of the counsel of these appellants. She is a mere trustee. The real interest is in the creditors to the estate, and they must have an opportunity to be heard.

[After this opinion was delivered, the counsel of the appellee stating that she wanted no time to call the agent to an account, she was charged in the account with the value of the land.]