### ROGER E. PERKINS *vs.* JOSEPH C. THOMPSON.

A deputy sheriff, who sells goods seized upon an execution, cannot himself be the purchaser of the goods he thus sells.

A purchase of goods by a deputy sheriff, under such circumstances, is a wrongful conversion of the property, and renders him liable in trover. But the amount paid for the goods may be given in evidence in mitigation of the damages.

TROVER for two horses. The cause was submitted to the decision of the court, upon the following facts:

One *A. H. Stinson*, at October term of this court, in the county of Hillsborough, 1822, recovered judgment against *Perkins* for $67,90, debt, and $26,44, costs of suit; upon which judgment an execution issued, and was delivered to the defendant, a deputy sheriff, who in July, 1823, seized the horses, by virtue of the execution, and sold them; one of them being purchased, through the agency of a friend, by *Thompson* himself. Previous to the said sale of the horses, and while the said execution was in the hands of *Thompson*, *Perkins*, having an execution against the said *Stinson* for $100 debt, and $31,59 costs, tendered the same to the defendant, and requested him to set off the one execution against the other, which the defendant refused to do.

The judgment, *Stinson* against *Perkins*, was founded upon a bond, which, previous to the commencement of the suit, had been assigned, for a valuable consideration, to *Moses Chandler*, of which assignment *Perkins* had notice in 1821.

*H. Chase*, for the plaintiff.

*Noyes*, for the defendant.

RICHARDSON C. J. delivered the opinion of the court.*

---

*HARRIS, J. having been of counsel, did not sit.

It is unnecessary to decide, in this case, whether this action could have been maintained, if the defendant had improperly refused to set off one of the executions mentioned in the statement against the other ; because we are of opinion, that he rightly refused to make the set-off. It is agreed, that one of the executions had been *bona fide*, and for a valuable consideration, assigned to another person ; and in such a case, it is clear, that the plaintiff was not entitled to have one of the executions set off against the other. 1 *N. H. Laws,* 173.—15 *Mass. Rep.* 481, *Dunn vs. Snell.*—1 *Mass. Rep.* 117, *Perkins vs. Parker.*—4 *Mass. Rep.* 508, *Dix vs. Cobb.*—3 *Mass. Rep.* 558, *Wakefield vs. Martin.*—1 *D. & E.* 619, *Winch vs. Keely.*—11 *Mass. Rep.* 153.—9 *ditto* 133.—10 *ditto* 476.—12 *ditto* 281.—13 *ditto* 304.—14 *ditto* 107.

But the more difficult question, whether the purchase of the horse by the deputy sheriff, who sold him, can in law be considered as a conversion of the property, remains to be decided.

A deputy sheriff selling goods, seized by virtue of an execution, is, in fact, the agent of the debtor and creditor. We have decided, that he, who acts as an agent to sell real estate, cannot himself be interested in the purchase of the estate he sells. 2 *N. H. Rep.* 225, *Currier vs. Green.*

A similar decision has been made in the supreme court of Pennsylvania. 3 *Binney* 54, *Lazarus vs Bryson.*—4 *ditto* 43.

The law is believed to be the same in New-York, (1 *Caines' Cases* 19.—11 *John.* 529,) and is clearly so in England. *Sugden's Law of Venders* 391—405.

The same principle is distinctly recognized by the supreme court of Massachusetts, in the case of *Dawes vs. Boylston,* 9 *Mass. Rep.* 353.

It is apprehended, that the soundest policy forbids, that any person should be the purchaser of that, which he is appointed to sell. The characters of vender and purchaser of the same article, at the same time, are inconsistent, and cannot be united in the same person. As sheriff, this defendant was bound by his duty, in relation to the debtor and creditor, to procure the best price he could for the horse ;

Perkins
*vs.*
Thompson.

but the moment he employed an agent to bid off the horse for himself, it became his interest to act in direct opposition to his duty. It never can be fit or proper to permit a sheriff to put himself in this situation. It is a situation neither safe to himself, nor to the debtor and creditor.

Our statute makes it the duty of coroners to serve all writs and processes, where the sheriff is a party. 1 *N. H. Laws* 160. This provision is founded upon the manifest impropriety of calling upon, or permitting, the sheriff to act officially in a situation, where his interest might impel him to go counter to his duty. If then the law will not permit a sheriff to serve his own writ, even by simply leaving a summons with the defendant, with what consistency can it be decided, that a sheriff may be intrusted to sell goods upon an execution, where it is his duty to procure the best price he can, after he has employed an agent to purchase them, and has become interested in having them purchased as cheaply as may be ? It is very possible, that a sheriff might sell an article for the full value, and still be himself the purchaser. But the temptation to act contrary to his duty is so great, he ought not to be permitted to act, where the temptation exists.

Nor is this all. The sheriff has the means of lessening the price of the articles sold, by determining the time and place of sale favorably to his own views. And this might be so done, that no human tribunal could detect the fraud. If it were once decided in this court, that a sheriff might be interested lawfully in the purchase of articles, he himself was selling upon an execution, it would open an avenue to frauds, for the detection of which our courts have very inadequate means. And it seems to us, that every principle of public policy requires, that we should at once close this avenue forever, by holding, that in no case can a sheriff be interested in the purchase of an article, he is selling as a public officer, and by treating every such purchase as voidable, at the election of the debtor.

And we are of opinion, that the purchase of the horse by this defendant may, under the circumstances, be considered

as a conversion of the property ; and that the plaintiff is entitled to judgment.

The defendant may shew the sum he paid for the horse in mitigation of damages ; as the plaintiff has had the benefit of that sum. *6 Mass. Rep.* 20, *Prescott vs. Wright.*

*Judgment for the plaintiff.*