Per Curiam.

The consideration of a promissory note, as between the original parties themselves, may be inquired into; and if there is no consideration for the promise, it is nudum pactum, and cannot be enforced at law. (Pearson v. Pearson, 7 Johns. Rep. 26. Ten Eyck v. Vanderpool, 8 Johns. Rep. 120. Rann v. Hughes, 7 Term Rep. 350. note. S. C. 4 Bro. P. C. 27. 2d ed. by Tomlins.) In the case of Rann v. Hughes, Baron Skynner, who delivered the very able and lucid opinion in the House of Lords, savs, “ It is undoubtedly true, that *242 every man is, by the law of nature, bound, to fulfil his engage ments. it is equally true, that the law of this country supplies no means, nor affords any remedy, to compel the performance of an agreement made without sufficient consideration; such agreement is nudum pactum ex quo non oritur actio; and that whatever be the sense of this maxim in the civil law, it is in the last-mentioned sense only that it is understood in our law.”—“If I promise, generally, to pay upon request, what I was liable to pay on request in another right, I derive no ad vantage or convenience from this promise, and, therefore, *there is no sufficient consideration for it.” He observed, that all contracts, by the law of England, were distinguished into agreements by specialty and parol; that there was no third class, as contracts in writing. “ If they be merely written, and not specialties, they are parol, and a consideration must be proved.” He added, that the doctrine delivered in Pillans v. Mierop, (3 Burr. 1663.) as to a nudum pactum, was erroneous ; and that Mr. J. Wilmot not only contradicted himself, but was contradicted by Vinnius, in his comment on Justinian. But that, whatever was the rule of the civil law, there was no such law in England,
The defendants in this case were executors, and the note they gave was a mode adopted, by the mutual agreement of the parties, to submit their difference with the plaintiff, as to the matters of account between him and their testator, to arbitration. In Pearson v. Henry, (5 Term Rep. 6.) it was decided, that a submission to an award, by an administrator, was not an admission of assets; and the case of Barry v. Rush was held to be clearly distinguishable; as to that case, the defendant gave a bond, by which he bound himself, his heirs, executors, and administrators, in broad terms, to pay whatever should be awarded, without any regard to assets, (a) (Kyd on Awards, 40.) And if there are no assets, a personal promise by the administrator would be a nudum pactum. The award endorsed by the arbitrator show's, that it was intended merely that he should ascertain what was due from the estate of the intestate, and thft the defendants should be liable only in their representative capacity, or so far only as they had assets, [t was incumbent, then, on the plaintiff, to show, affirmatively, that the defendants had assets ; for a promise by an executor to pay is not binding, unless he has assets.
We are of opinion, that the judgment of the court below ought to be affirmed.
Judgment affirmed.

 Vide Worthington v. Barlow, 7 Term. Rep. 453.