## COPP *versus* SAWYER, et a. Apts.

A want of consideration is a good defence to a promissory note, in a suit between the original parties to it.

And where such note is made as a gift, and intended as a legacy, no suit can be sustained upon it, in favor of the payee, against the executor or estate of the maker.

Where such note is executed and delivered, as a gift, and afterwards taken up by the maker and a new note given, for a larger amount, in lieu of it, the latter being likewise intended as a gift, the giving up of the first furnishes no consideration, upon which the latter can be sustained, for any part of the amount.

ASSUMPSIT. The cause came before the court on an appeal from the decree of the judge of probate, allowing the private claim of Copp, against the estate of Amos Sawyer, he being executor of said Amos Sawyer's last will.

The declaration upon the claim which was filed, in pursuance of the statute, alleged, that the said Amos Sawyer, on the 12th of June, 1827, by his promissory note, of that date, for value received, promised said Copp, to pay him, or order, $3000, on demand with interest.

The appellants, who were heirs at law of said Amos, pleaded that he never promised, upon which, issue was joined.

This issue having been sent to the C. C. Pleas, for

trial, the appellee there produced a note purporting to be signed by said Amos, of the date, and for the sum mentioned in the declaration.

The appellants introduced evidence tending to show that the note in question was without consideration, and was given to said Copp, by said Sawyer, for love and affection, and as a gift or legacy.

There was evidence on the part of said Copp, having a tendency to prove that the note in question was given for a note of $1000, which he held against said Amos, and which was given up at the time when the note in question was executed, and in further consideration of an agreement, on the part of Copp, that he would live with said Amos, and perform services for him, during his lifetime.

The appellants contended that the note for $1000 was also a gift, and introduced evidence for the purpose of substantiating that fact.

The Court instructed the jury that the note imported, on its face, to be upon a sufficient consideration, but that it was liable to be impeached, in this respect, by showing a want of consideration ; and that the burden of proof was upon the appellants. That if they believed, from the evidence, that the note was given upon an agreement, by Copp, to stay with Sawyer, and for a note of $1000 given up, that was a valid consideration to the extent of $2000, however small the services performed might actually be, and if the note of $1000 was made on a good consideration, it was valid in such case for the full amount. That if they found the note of $1000 was given up, as a part of the consideration of this note, they might enquire into the consideration upon which that note was founded. That if such note existed, it carried on its face evidence of consideration, but that this might also be disproved, and that, if the evidence induced them to believe that the note for $1000 was a mere gift, it would furnish no consideration for this note. And that

so far as the note now in question was made as a gift, or intended as a legacy, it was void.

The jury, having returned a verdict that said Sawyer never promised, the counsel for said Copp excepted to these directions, and moved for a new trial, and the exceptions were certified, with the verdict, to this court.

*I. Bartlett,* for the appellee.

*C. H. Atherton* and *James Bell,* for the appellants.

PARKER J.   It was formerly doubted whether a mere want of consideration was sufficient to avoid a promissory note, even as between the original parties.

In 2 Caines, 246, Livingston, J. said that, " as against the payee, the maker, it is true, has been permitted to show, not a want, but a failure of consideration," and in *Bowen* v. *Hurd,* 10 Mass. 429, Parker, J. says, we do not admit, that, when one voluntarily makes a written promise to pay another a sum of money, the promise can be avoided merely by proving there was no legal and valuable consideration existing at the time, any more than, if he actually paid over the amount of such note, he can recover it back again because he repents of his generosity.

In both these cases a distinction is taken between a want and a failure of consideration.   Later authorities, however, do not sustain this distinction.

In *Pearson* v. *Pearson,* 7 Johns. Rep. 26, which was assumpsit, upon a promissory note, the court said, " the validity of the note cannot be supported upon the ground taken at the trial, of its being a gift, for a gift is not consummate and perfect, until a delivery of the thing promised ; and until then the party may revoke his promise. A parol promise to pay money as a gift, is no more a ground of action than a promise to deliver a chattel, as a gift."

In 17 Johns. 301, *Schoonmaker* v. *Roosa,* it was decided, that " the consideration of a promissory note, as be-

tween the original parties themselves, may be enquired into ; and if there is no consideration for the promise, it is *nudum pactum*, and cannot be enforced at law."

Many authorities are to be found establishing this general principle.

In *Fink* v. *Cox, Exr.* 18 Johns. 145, it appeared, that " a father, from affection merely, gave to his son a promissory note, for $1000, payable to him, or order, sixty days after date." The action was brought, by the son, against the executor of his father, to recover the amount of the note, and it was " held that the action could not be maintained, for it was not a *donatio causa mortis,* nor a valid gift of so much money, but a mere promise to give ; and blood, or natural affection, is not a sufficient consideration to support a simple executory contract."

*Holliday* v. *Atkinson,* Exr. 5 Barn. & Cres. 501, was also an action in favor of the payee, against the executor of the maker, upon a promissory note, expressed to be for value received, and made in favor of an infant, aged nine years. No evidence of consideration being given, the jury were directed, " that the note, being for value received, imported that a good consideration existed, and that gratitude to the infant's father, or affection to the child would suffice. Held that, although the jury might have presumed that a good consideration was given, yet that those pointed out were insufficient, and a new trial was granted." Abbot, Ch. J. said, " I agree that where a note is expressed to be for value received, that raises a presumption of a legal consideration sufficient to sustain the promise ; but that is a presumption only, and may be rebutted."

And in *Hill, Adr.* v. *Buckminster, Adr.* 5 Pick. Rep. 391, the court held that " a promissory note, expressed to be for value received, may be avoided, as between the payee and maker, by proving that there was no consideration for it originally ; and a note, given in renewal of one so voidable, is likewise without consideration.

If these decisions are sound law they settle this case, and there seems to be no reason to doubt the correctness of the principle upon which they are founded.

A promissory note is not considered as a specialty, but a simple contract. It carries, on its face, evidence in the first instance, that it is founded upon a sufficient consideration, and the burden is upon the party defending, to show that such is not the fact. When that is made out, in an action between the original parties, there seems to be no sound reason why it should not be governed by the same principles as other simple contracts.

A mere promise to give either money or goods, without any delivery, furnishes no cause of action. 2 Johns. Rep. 52, *Noble* v. *Smith ;* 10 Johns. 293, *Grangiac* v. *Arden ;* 2 Barn. and Ald. 551, *Irons* v. *Smallpiece.*

And it does not change the principle, that such promise to give has taken the form of a promissory note. It is still substantially a promise to give. The delivery of the note to the payee, is not a delivery of the money promised to be given, but merely a delivery, or gift of the evidence of that promise.

We may regret that the maker, in this case, *did not* execute such an instrument as would secure his intended bounty to the claimant, but that cannot change the rules of law applicable to the case, and the jury, having found that this was a mere note of gift, without consideration, *the decree of the judge of probate must be reversed.*