## WILLARD EARL *versus* GEORGE PAGE.

Where a note was given for a shingle machine, and for the exclusive right to
use the same, in a certain district, under a patent claimed by the plaintiff,
it was holden that there was a failure as to the latter portion of the con-
sideration, the letters patent being void, by reason of non-compliance with
the terms of the statute.

If the inventor of an article suffers the thing invented to go into public use, or
to be publicly sold for use, before he makes application for a patent, it
is an abandonment of his exclusive right in the invention, and disables
him from compliance with the terms of the statute.

THIS was assumpsit, founded on a note, made by the
defendant, and one Taft, for $46,00 drawn, payable to
the plaintiff or his order, in two years and six months
from its date, with interest.

It was in evidence, that this note and two others,
amounting in all to $140, were given for a shingle mill,
and the right to use the same in the town of Keene ; and
that enough had been paid upon these notes to amount
to the value of the mill ; and it was contended that the
letters patent, granted to Earl for said mill, were void,
and that there was no consideration for any farther sum
on these notes.

The patent of said machine duly authenticated, and is-
sued in December 1822, was produced by the plaintiff.

It was proved that as early as 1819, the plaintiff had
made, and sold some shingle mills agreeing with his pa-
tent ; and that in the summer, and fall of 1822, before ob-
taining said patent, he had made, and sold several of said
machines.

A witness testified that he had worked for the plaintiff,
at the time of making and selling said mills, and that many
were in use previous to obtaining said letters patent ; but
the jury found there was no evidence of any mills of this
description having been made prior to the issuing of the
letters patent, in favour of the plaintiff, but such as had

been made, either by the plaintiff, or by agents in his employment.

The case was submitted to the court, on the facts as above stated, with the agreement, that a default was to be entered, if in the opinion of the court, the plaintiff was entitled to judgment, otherwise, the plaintiff was to become nonsuit.

*Handerson*, for the plaintiff.

*Chamberlain*, for the defendant.

UPHAM J. delivered the opinion of the court.*

The decision of this case depends on the construction given to the statute of the United States, prescribing the terms and conditions of obtaining letters patent.

The 1st Sec. of the Act of 21st of February 1793, relative to granting letters patent, provides " that when any person, being a citizen of the United States, shall allege that he has invented any new, or useful art, machine, manufacture, or composition of matter, or has made any new improvement in the same, not known, or used, before his application, it shall be lawful, in such case, for the Secretary of State to cause letters patent to be issued to the inventor, securing to him the exclusive privilege of making, using, and vending to others to be used, the said invention or discovery."

And in a subsequent statute upon this subject, extending the privileges of letters patent to aliens, passed April 17, 1800, it is provided that " every patent for inventions obtained pursuant to the act of 1793, which, it shall afterwards appear, had been known, or used previous to such application for a patent, shall be void."

The power to grant letters patent, is given by the Constitution of the United States for the purpose, as is assigned, " of promoting the progress of science and the useful arts."

---

*Parker J. having been of counsel did not sit.

This right, however, to grant exclusive privileges to the inventor, is confined to " a limited time," and any attempt to extend this term beyond the time specified operates as a delay to the benefits, which it was proposed eventually to secure to the public. It is not in good faith, therefore, for the inventor of an article to use and vend the same, as a matter of profit, until such time as he fears others may come into competition with him, and then attempt to debar the public from the general use of his invention, for a farther term of fourteen years.

For this reason the provision in the statute rendering all patents for inventions void, " which had been previously known or used," has been holden to apply to the inventor, as well as to others.    He is bound to make a ready, and early application to the government for the privileges it confers, otherwise his delay in this respect, and the public sale and use of the article of which he is the inventor, is considered a relinquishment of any claim to an exclusive right.

In *Wood* v. *Timmer*, 1 Holt's Nisi Prius Reports, 58, the inventor had suffered the thing invented to be sold, and to go into public use, for four months, before the grant of his patent. The court say, the public sale of that which is afterwards made the subject of a patent, though sold by the inventor only, makes the patent void.

In *Pennock & Sellers* v. *Dialogue*, 1 Peters, 2, it is decided that the first inventor cannot acquire a good title to a patent if he suffers the thing invented to go into public use, or to be publicly sold for use, before he makes application for a patent.    *Whittemore* v. *Cutter*, 1 Gal. 438 ; *Morris* v. *Huntingdon*, 1 Paine, 348 ; *Thompson* v. *Haight*, U. S. Law Journal, Vol. 1, 563 ; 2, Kent's Com. 1st Ed. 302 ; Coke's Inst. 3, 184.   The same doctrine is applicable to the sale of books, prior to taking out a copy right. 2 Kent's Com. 306 & 311.

The above authorities must be considered conclusive, unless the facts here are different from those in the ca-

ses cited. The jury here found that the patent was granted in December 1822, and that as early as 1819, the plaintiff had made, and sold some shingle mills, agreeing with his patent ; and that in the summer, and fall of 1822, before obtaining said patent, he had made, and sold several of said machines ; and that many were in use previous to the obtaining of said letters patent, or any evidence of application being made for the same.

Such being the testimony, there seems to be but little doubt as to the rule of law to be applied. The evidence of sale and use must be considered as a voluntary abandonment of the plaintiff's claim, to any exclusive right, and disables him from such compliance with the statute, as to render valid his letters patent.

The consideration of the notes given in this case was a shingle mill and the exclusive right to use the same in the town of Keene. The value of the shingle mill has been paid. There being a failure, as to the remaining consideration, there is nothing farther due, and according to the agreement of the parties,