## Barnet *against* Offerman.

As between the payer and payee of a negotiable note, either want or failure of consideration may be set up as a defence to an action upon it ; so also as between the payer and a holder claiming by indorsement, or delivery made after the note became due.

ERROR to the common pleas of *Berks* county.

Daniel Reinhart, indorsee of Peter Reinhart against John C. Offerman. Action on two negotiable notes dated the 24th July 1834 ; one for 700 dollars, payable in eight months, the other for 500 dollars payable in six months, at the office of discount and deposit at Reading. As to the first note no defence was made.

The charge of the court below, which states the facts of the case distinctly, was the only subject of exception.

Banks, President.—" At the time the defendant gave the notes on which the suit is brought, he took from Peter Reinhart the following paper :

" ' January 24th, 1834, received from John C. Offerman his two notes, dated 24th January 1834, one for 500 dollars for six months, and one for 700 dollars for eight months. When due I have to pay ; they are for my accommodation.

'PETER REINHART.'

" The defendant relies on the testimony of Charles Bird. He testifies that he received this 500 dollar note from Reinhart ; that he paid him 300 dollars by his note, to pay the balance when he had collected the money ; that he got the note the 24th of July ; that he parted with the note the day it was due, or day before. The day I parted with it, was the 1st or 2d of August. I am satisfied this was the time. I gave the note to Reinhart. He made me believe it was to take to bank to be protested. He was to return the note to me again. He did not return me the note. Reinhart gave the 300 dollar note which I gave him, in part pay to Daniel Barnet who sued me on it. I have secured its payment to Barnet.

" The plaintiff called Mr Ruth, who testifies that Reinhart sent him to Barnet for Offerman's note ; this is the note (500 dollars); I took this paper and gave it to Barnet, and he gave me the note. I told Barnet that Reinhart told me he had a chance to sell the note ; that some person wanted it ; that he had a chance to get the money ; I gave the note to Reinhart. The paper which Ruth took and gave Barnet, reads as follows :

[Barnet v. Offerman.]

"'Received, Reading, July 5th, 1834, of Mr Daniel Barnet, a note for 500 dollars, being Offerman's note.

'PETER REINHART.'

"The defendant contends that Barnet was not the holder of this note until after it became due, and that now he can make every defence to the note that it would be subject to in the hands of Reinhart. This note would appear to have been a note for the accommodation of Reinhart. Reinhart bound himself to pay the note when due. This appears by the paper which Offerman took from Reinhart, when he gave the notes. It would appear from the testimony of Ruth, that Barnet had this note in his possession in July. You will judge from all the testimony whether he was the owner of the note, or whether it was left with him for safe keeping. Possession of such a note as this is, would be evidence of ownership, and the holder could recover the money, unless there was other evidence given to disprove his right. How then is this case, and what is the evidence? You find that Reinhart sends for this note. On the 5th of July he gives his receipt for the note. He does not promise to return the note. Barnet is told that Reinhart has a chance to get the money for the note; that some one wishes to buy the note. Reinhart does not promise to pay the money when received to Barnet. Barnet sends the note to Reinhart, that he may sell the same and get the money, without taking any promise or evidence that he was the owner of the note, other than the receipt and proof that it was in his possession. No promise to pay him the money; there is no proof that he had paid any thing for the note; if that had been proved, it would have been satisfactory evidence of ownership. We have told you that possession is evidence of the ownership of a note such as this is. You are to form your opinion of this matter from all the testimony. It is not usual for a man to give up a note of which he is the owner, to the man from whom he got it, to sell and get the money, without something being said or done, as to his paying the money over if recovered, or returning the note if not sold. This is evidence in the case proper for your consideration, and you will make your own opinions in regard to it, without being influenced at all by any thing the court may have said as to the facts. If you believe the testimony of Bird, he bought this same note from Reinhart, and gave his note for 300 dollars, which note the plaintiff now holds, and its payment is secured to him. If Bird held this note until the 1st or 2d of August, then the note was over due when he parted with it, and unless Barnet was the owner before this time, the note was over due when he got it. Of this you are the sole judges. Although this note is drawn without defalcation, yet if Barnet was not the owner until after it become due, you are at liberty to presume he had notice of all the facts connected with the case, that is, that the defendant owed nothing at the time the note was given, and that Reinhart was bound to pay it when due. That a note is not paid

[Barnet v. Offerman.]

when due is a circumstance calculated to awaken suspicion ; the purchaser ought then to inquire further ; if he does not, he takes upon himself the knowledge of all material facts, and you may in this case presume that knowledge ; that is, you are at liberty to presume it ; the law gives you that right.

"If this note was the property of Barnet before it was due, then he was bound to inquire no further. He then received it on its own intrinsic evidence and credit, and would not be affected by any circumstances existing between the original parties. But if he did not receive it until after it was due, it was his duty to have called on Offerman, and inquired why it had not been paid at maturity ; if he had so called, he would have been told that Offerman owed nothing to Reinhart when the note was given, and that he himself was bound to pay it when due if he parted with it. Then Barnet could not recover ; and the law is, that it is the province of the jury trying the cause to presume a knowledge of all these circumstances, in a case of transfer after due. You may do it in this case, if you believe the fact of a transfer after due. In case you do make this presumption, then your verdict will be for the plaintiff, but for the amount of the 700 dollar note, with interest."

The jury found against the plaintiff as to the 500 dollar note.

Errors assigned.

1. The court erred in charging the jury, "that there was no proof that Barnet had paid any thing for the note ; if that had been proved, it would have been satisfactory evidence of ownership of a note such as this."

2. The court erred in charging the jury, "that this might be considered as a note over due, when transferred to Barnet, the plaintiff, under the evidence, and that it might be made subject to the law applicable in such case."

3. The court erred in charging the jury, "that if Barnet was not the owner of the note until after it became due, they were at liberty to presume he had notice of all the facts connected with this case ; that is, that the defendant owed nothing at the time." Thereby intimating to the jury, that if Barnet knew that the note was given for Reinhart's accommodation, to enable him to raise money, he could not recover.

4. That the court erred in their charge to the jury, generally, as it was calculated to mislead them, both as to the law and the facts.

*Johnston* and *Morris*, for plaintiff in error, cited, 5 *Mass. Rep.* 334 ; 3 *Day* 311 ; 3 *Watts* 26 ; 1 *Taunt.* 222 ; 7 *Johns. Rep.* 360 ; 9 *Serg. & Rawle* 240, 141 ; 1 *Dall.* 26.

*Weidman*, for defendant in error, cited, 3 *Term Rep.* 80 ; 8 *Serg. & Rawle* 356 ; 4 *Dall.* 374.

[Barnet v. Offerman.]

The opinion of the Court was delivered by

Huston, J.—The opinion of the court embodies all the testimony given in the cause, or at least all that we have of it. The books all say, and the world says, that perfect fairness and punctuality are the life of mercantile business. And on this ground a promissory note, or in this state a note payable at a bank and without defalcation, is recoverable, without regard to the state of accounts between the maker and payee at its maturity. This in case it has been discounted at bank, or is in the hands of a *bona fide* holder. But if the man to whom the note is payable still holds it when it becomes due, and sues on it, he cannot recover unless, on the state of accounts between him and the maker, so much is due at that time; nor can he recover if there was no consideration, or the consideration has failed. In short, in his hands it is as liable to objection as any other demand; but in the hands of a *bona fide* holder, no defence can be made on any of these grounds, because the maker has agreed to pay it without regard to these matters, and the world so understand it. In modern times, much of the mercantile paper is not given in the real transaction of business, but a man who is not able to lend money to a friend, draws a note payable to him, or indorses one drawn by him, and thus enables him to raise money, to make a purchase or pay a debt. It would be useless to inquire into the policy or effect of these accommodation notes, and equally so to recite what has been said by judges as to them. Nor would it be expedient to review all the decisions made as to them, under different circumstances. They are now in general use, and if the law arising on the facts of this case is settled, we have only to ascertain it.

I have said, good faith is the basis of mercantile paper. This ought to be carried throughout, and apply to all the parties; and it is not in good faith that the payee of a note made to him two or three months ago, but which he has not used, should after it is due assign it, not *bona fide*, but for his own use, and thus enable himself, by falsehood, to recover it. If the maker of the note is willing still to lend him his name, let him do so; but if he is not willing, if circumstances have changed, and it may be contrary to the maker's inclination or convenience to do so, why should a man be enabled to sue and recover money from one who never owed him any thing, who has been his friend, and who may be seriously injured?

The law is settled, that whether the note is business paper and evidence of a real debt, or accommodation paper made by drawer or indorser to oblige the other, when it comes to the possession of a *bona fide* holder, he need not show that he gave a consideration for it, and that he is presumed to be honestly the owner of it; it lies on the other party to prove that he is not honestly the owner, or that he came to the ownership in such way as to affect him with all the equity which the maker had against the person from whom the present holder got it.

The judge repeated that possession of such a note as this was evi-

[Barnet v. Offerman.]

dence of ownership, and that some evidence must be given to take off this presumption, or some evidence to take the case out of the general rule; and that the burthen of this proof lay on the defendant. "Where a transfer of a bill is made *after it is due*, whether by indorsement or mere delivery, *it is settled* that at least it is to be left to the jury upon the slightest circumstance to presume that the indorsee had notice of the fraud, or was acquainted with matters which would have affected its validity, had it remained in the hands of the person from whom he received it." *Chitty on Bills* 126, 127, *7th ed.* And in page 69 of same book, the American authorities are many of them collected, in which it has been decided, that as between the maker and payee, either want of consideration or failure of consideration may be set up, and that each may be set up, not only by the original parties, but also against a holder claiming *by indorsement or delivery after the note became due.* To these cases I will add one, Cromwell *v.* Arrot, 1 *Serg. & Rawle* 180; in which case C. J. Tilghman says: "a jury is bound to presume notice of some objection. The passing such a note after due being out of the ordinary course of business, is, of itself, sufficient to put the person on inquiry."

The case in 1 *Taunt.* 224 has been cited; it perhaps stands alone; it was decided on a demurrer to a plea; held bad. Much of what was said by the judges was not to the point trying; it was directly overruled by Lord Ellenborough, 1 *Camp.* 19; and in the text and notes to *Chitty*, 8*th ed.*, will be found a host of cases contrary to it. In the same book will be found, that where evidence has been given to raise a doubt whether the note is the property of the holder or payee, it is all for the jury.

There are cases which say that if property in the holder is disputed, notice must be given to him to prove how he became possessed of the note, and that he gave a valuable consideration for it; admit this, still in this case the evidence was gone into by both sides, and no objection to the testimony; they left all the facts and conclusions from facts to the jury; and so the court told them.

Judgment affirmed.