11   251
68   380

## North & a. *vs.* Crowell.

Certain personal property was mortgaged to the plaintiffs to secure the payment " of fifty dollars in sixty days from the date hereof, meaning and intending the legal claims and demands they have against me"—*Held*, that this condition was not void for uncertainty, the true construction of it being, that it was to secure the payment of the sum due, not exceeding fifty dollars.

Where personal property mortgaged remained in the possession of the mortgager for three years after the date of the mortgage, the mortgager being insolvent and having no other attachable property—*Held*, that this was not conclusive evidence of fraud, but was only a circumstance tending to show fraud.

Where the object of a mortgage is to secure an existing demand, the fact that it was also intended to cover future advances does not avoid the mortgage.

After verdict, it is too late to take an objection, which the other party might have obviated by evidence if it had been taken at the trial.

Trover for a horse.   It appeared on the trial, that on the 23d day of January, A. D. 1835, one John A. Drew was the owner of the horse in question ; and on that day mortgaged him to the plaintiff, together with divers articles of household furniture.

The condition of the mortgage was as follows : " Provided that if I, my executors, &c., pay to the said North & Co., their heirs, &c., the sum of fifty dollars in sixty days from the date hereof, meaning and intending the legal claims and demands they have against me, then these presents shall be void." The mortgage was recorded in the office of the clerk of the town of Somersworth, on the 27th day of January, A. D. 1835.

The plaintiffs had never taken actual possession of the horse, nor had they, up to the time of the trial, taken possession of the other articles mortgaged, but had suffered them to remain in the possession and under the control of the mortgager, nor did the plaintiffs offer any reason why the property was thus permitted to remain in the possession and under the control of the mortgager.

It was admitted upon the trial that something was due the plaintiffs at the time of the execution of the mortgage.

It also appeared, that on the 10th day of November, A. D. 1837, the defendant, a deputy sheriff, attached the horse upon a writ against the said Drew, and on the first day of December following sold the animal upon an execution, and applied the proceeds to the satisfaction thereof.

The defendant contended that the mortgage was void upon its face, for uncertainty in the condition ; and that the fact that the property remained so long in the possession and under the control of the mortgager was conclusive evidence of fraud, the mortgager being insolvent at the date of the mortgage, and having no other attachable property.

The court instructed the jury that the condition of the mortgage was sufficient on its face, and that the fact that the property remained in the possession of the mortgager was only a circumstance tending to show fraud, but was not conclusive evidence thereof.

The jury returned a verdict for the plaintiffs, which the defendant moves to set aside, and for a new trial, on account of the instructions of the court as aforesaid.

*Wells & Christie,* for the defendant.  It is impossible to ascertain from the condition the sum due the mortgagee. The act of 1832, 2 *N. H. Laws* 83, authorizes the attaching creditor, upon payment or tender of the amount due on the mortgage, to hold the property, as if it had been attached on mesne process.  And one object of causing the mortgage to be recorded was, that the amount of the incumbrance might be known to creditors.  A mortgage should be so definite in its terms, that creditors may be able to ascertain the true character of the contract.  *Miller* vs. *Baker,* 20 *Pick.* 287.

The fact that the mortgager remained so long in possession, is conclusive evidence of fraud.  And the rule applicable to possession after an absolute conveyance should apply also to mortgages of personal property after condition broken. *D' Wolf* vs. *Harris,* 4 *Mason* 534; *Lunt* vs. *Whitaker,* 1

*Fairf.* 310 ; *Badlam* vs. *Tucker*, 1 *Pick.* 389 ; *Ward* vs. *Sumner*, 5 *Pick.* 59 ; *Ash* vs. *Savage*, 5 *N. H. Rep.* 545.

We contend, also, that trover will not lie against the officer until the plaintiff has given notice of his mortgage, and stated his account, and the creditor or the sheriff has refused to pay the demand and discharge the lien. *Miller* vs. *Baker*, 20 *Pick.* 287.

*Marston*, for the plaintiff. The only uncertainty in the condition is, in the statement of the amount due. The sum of fifty dollars was probably intended as the extent of the sum due. If the parties could not so consider it, undoubtedly creditors might.

There are numerous cases where the possession of chattels has been permitted to be explained, and where the parties have shown that the possession was of such a character as not to raise any presumption of fraud, the property being mortgaged. *Adams* vs. *Wheeler*, 10 *Pick.* 199 ; *Reed* vs. *Jewett*, 5 *Greenl.* 96 ; *Bartels* vs. *Harris*, 4 *Ditto* 146 ; *Fletcher* vs. *Willard*, 14 *Pick.* 464.

The second position of the defendant goes farther than even the case of *Coburn* vs. *Pickering*, 3 *N. H. Rep.* 145 ; for that case holds only that the possession by a vender of chattels, after an absolute sale, is *prima facie* evidence of fraud. None of the cases support the defendant's position. *Hall* vs. *Tuttle*, 8 *Wend.* 375 ; *Reynolds* vs. *Wilkins*, 2 *Shepley* 104 ; *Haven* vs. *Low*, 2 *N. H. Rep.* 13 ; *Melody* vs. *Chandler*, 3 *Fairf.* 282.

GILCHRIST, J. It is contended by the defendant that this action will not lie against the officer, until the plaintiff gives notice of his mortgage, and states his account, and the sheriff or creditor refuses to pay the demand, and discharge the lien. This doctrine is suggested by the court in the case of *Miller* vs. *Baker*, 20 *Pick.* 287. Sufficient notice of the mortgage was already given by the record in the town clerk's

office. But the question does not arise in this case. If the defendant had intended to rely on this position, it should have been taken at the trial, in order that the plaintiff might have had an opportunity to obviate the objection, by offering evidence of the notice, and the statement of his account.

It is also argued, that the fact that the mortgager remained in possession for so long a period, is conclusive evidence of fraud. But the possession by the vender after an absolute sale of chattels is not conclusive evidence of fraud. It is only *prima facie* evidence, and is conclusive only when unexplained. *Coburn* vs. *Pickering*, 3 *N. H. Rep.* 145; *Ash* vs. *Savage*, 5 *Ditto* 545. And we certainly should not apply a more rigid rule to the case of a mortgage, than to that of an absolute sale. *Holbrook* vs. *Baker*, 5 *Greenl.* 312; *Haven* vs. *Low*, 2 *N. H. Rep.* 13. The length of time that the mortgager remains in possession, although the act of 1832 implies that he may retain possession, may, under the peculiar circumstances of a case, be considered by the jury, as tending to show fraud; but it is a matter susceptible of explanation. We think the instruction to the jury on this point was correct.

It is objected by the defendant to the condition of the mortgage, that it is for an uncertain amount; that a creditor wishing to redeem could not ascertain the sum due; and, therefore, that one object contemplated by the act for recording mortgages fails of being attained, viz., that creditors might ascertain from the condition the amount of the incumbrance. Whether this be an important object or not, it certainly is not attained in any case where a part of the debt has been paid since the registry of the mortgage. At the date of the registry the debt may be a hundred dollars. This may be reduced by payments on the next day to fifty dollars; but this fact, and consequently the amount of the incumbrance, cannot be ascertained from the record, as the law does not require, nor is it the custom, that any subsequent payments should appear of record. We cannot require any greater certainty

North *v*. Crowell.

than that contemplated by the act, and objections of this character cannot avail, until some further statutory provision be made on the point.

The case of *Holbrook* vs. *Baker*, 5 *Greenl.* 309, is somewhat analogous to the one before us. The plaintiff there claimed a clock under a mortgage bill of sale, which was made to secure the payment of $14·00 then due, and such farther sum as might be due the plaintiff at the end of sixty days, within which time it might be redeemed by the mortgager. The price of the clock was stated to be $50·00, and the sum due the plaintiff had amounted to $45·00, when it was attached by a creditor of the mortgager, and the mortgagee replevied it while it was in the possession of the sheriff.

It was objected by the defendant, that the mortgage was made to secure not only the $14·00 then due, but certain future advances. But the court held that this was no valid objection, and referred to *Atkinson* vs. *Maling*, 2 *T. R.* 462, and *Badlam* vs. *Tucker*, 1 *Pick.* 398. In the latter case it is said by the court, that " where a mortgage is made merely to secure future advances, without any other consideration at the time, it might be void against creditors, as tending to facilitate collusion, and enabling the mortgager to get credit on his property without any notice that it was incumbered. But if the object of the mortgage be to secure an existing demand, the addition of a clause protecting future advances would not necessarily avoid the mortgage."

It is not necessary here to determine whether future advances could be secured here by a mortgage of personal property, as it is sufficient for this case to settle that where there is a debt due, the fact that the mortgage was intended also to cover future advances does not render it void for the whole.

The condition provides for the payment of fifty dollars in sixty days from the date of the mortgage—" meaning and intending the legal claims and demands they have against me." We think the proper construction of the condition is, that the sum to be secured is the amount actually due, not ex-

ceeding fifty dollars.   If the amount actually due refer to the claims existing at the end of sixty days, then, as there was a debt due at the date of the mortgage, we are of opinion that the mortgage is not void.

Or if by this is meant the sum due at the date of the mortgage, we see no more practical difficulty in ascertaining that sum than in ordinary cases, where the amount of the debt has been reduced by subsequent payments.  If the condition had been only to secure the payment of " $50·00 in sixty days from the date hereof," no question would have arisen as to its meaning ; and we do not conceive that the addition of the words, " meaning and intending the legal claims and demands they have against me," at all increases the difficulty of understanding its meaning, or has any particular tendency to mislead creditors.

*Judgment on the verdict.*