## HAYNES *v.* THOM.

Want of consideration is a good defence to a promissory note, in a suit between the original parties.

The release of an attachment is a good consideration for a promissory note, and the discharge from liability as the receiptor for property attached, is also a good consideration.

A promissory note, given to discharge a merely supposed liability, or to avoid an ideal danger, which has no foundation in fact or in law, is without consideration.

A tender and refusal is not a discharge upon any bond, contract, or promise to pay money.

Upon an obligation or contract for the delivery of specific articles, a tender and refusal of the articles is a perpetual discharge.

A general exception to the competency of evidence as not sustaining the action or showing a defence, cannot reach specific exceptions as to the nature or degree of the evidence.

After verdict, it is too late to take exceptions which the other party might have obviated, if they had been seasonably taken.

Where a general exception was taken to the defendant's evidence, as not showing a defence, and it appeared that some of the evidence was secondary— *Held,* that the secondary evidence should have been specially excepted to on that account, and that the objection that it was secondary was not reached by a general exception.

The time at which a judgment is rendered, is, unless there is some special order of the court to the contrary, the last day of the term.

When a default has been entered and no continuance of the action ordered, the plaintiff may take judgment at any time afterwards, *as of the term* when the default was entered. But if a judgment be thus taken more than thirty days after the end of such term, any attachment which may have been made by virtue of the original writ will be *ipso facto* dissolved.

ASSUMPSIT, on a promissory note, dated November 18th, 1845, signed by the defendant for $54,62, payable to the plaintiff, on demand, with interest. Plea, the general issue.

The defence relied on at the trial was, that the note was obtained by the fraud of the plaintiff, and also that it was given without consideration. To show this, the defendant introduced, first, a copy of a judgment rendered at the August term of the common pleas of this county, 1845, in

favor of the plaintiff against one John Clarke, for debt $43,80, and costs $7,83. It appeared that the last day of said term of the common pleas at which this judgment was rendered, was September 10th, 1845; and that execution did not issue on said judgment till the 18th day of October, 1845. It further appeared by the record that the execution has never been returned.

The defendant then introduced the deposition of Moores Bailey, who testified, in substance, that he was a deputy sheriff for the county of Rockingham during the year 1845; that there was delivered to him, as such deputy sheriff, by the plaintiff, or by his attorney, Albert M. Holbrook, an execution against one John Clark, in favor of the plaintiff, Joseph Haynes, for the sum of $43,80, debt, and $7,83, costs, and 17 cents more for the execution; that the judgment upon which said execution was issued was recovered at the August term, 1845, of the common pleas of Rockingham county. At the time the execution was put into his hands, a receipt for property, attached on the writ by another officer, was also delivered to him. He could not tell the time he received the execution and receipt, nor the directions given in regard to them. That he still has the execution in his hands, and there is not upon it any writing or evidence that the same has been satisfied. That he gave up the receipt to Thom, the defendant, by the directions of Holbrook, the plaintiff's attorney, who said that Thom had settled the execution by giving his note.

That after the execution and receipt were placed in his hands, he went to the house of the defendant, to demand of him the property specified in the receipt. The defendant was not at home, and the witness went towards Methuen and met him on his way home, and demanded of him the property mentioned in the receipt. The defendant told the witness that he had the property, but would rather not deliver it that night, as it was late; and the witness replied that he might take his own time to deliver it. The defen-

dant then said to the witness that he would bring the property to him some day of the following week. He accordingly brought it that week, to the house of the witness, during his absence from home at Salem, where the witness met the defendant the same day; and the defendant then told the witness that he had brought the property to him, but the witness told him that he would not receive it. The defendant asked the witness why, and he told him that the thirty days had expired, and that Mr. Holbrook had directed him not to receive the property. The defendant then left the witness.

About an hour afterwards the witness saw the defendant and Mr. Holbrook standing together. They called the witness to them, and the defendant said to him we have concluded to settle this, and they all went together to Holbrook's office. In going to the office, the defendant said to the witness, " I want my receipt given up to me, and I suppose I am safe enough in settling this execution, as I have a mortgage of some property," as the witness understood him, of a piece of real estate, to secure him for receipting.

They all went into Holbrook's office, and Holbrook wrote a note for the amount of the execution, costs, and the fees of the witness, amounting to $54 or $55, and the defendant signed the note. About the time the defendant signed the note, he asked the witness to take it and keep it till it was settled, and the note was in the hands of the witness as much as two years.

The plaintiff afterwards called on the witness, and said he wanted pay for the note. The witness then went to the defendant and asked him to pay the note, and he refused to do it. The witness then told him that the note was the property of the plaintiff, and if he called for it he should deliver it to him. The defendant then said he would not pay the note, and that the witness might deliver it to the plaintiff, if he pleased. The plaintiff afterwards called on the witness for the note, and he gave it to him.

It was the impression of the witness that, at the time Holbrook put the receipt into his hands, he directed him not to receive the property, in case it was offered to him.

The note was in the hand-writing of Holbrook.

The witness made no effort to collect the execution of Clark, the debtor, nor could he state any reason why the execution was not indorsed satisfied when the note was given.

The defendant also introduced the deposition of John Clark, the defendant, in the execution Haynes against Clark.

Clark testified, in substance, that Haynes had an execution against him in November, 1845, amounting to upwards of $50, as Bailey told him. That he got Mr. Thom, the defendant, to receipt for the horse which was attached on the writ. That the witness kept and worked the horse after the attachment, till the defendant told him that Bailey, the sheriff, had demanded the horse of him, and the witness then gave up the horse to Thom, and Thom afterwards brought him back to the witness, saying that Bailey would not receive him. This was in the fall of the year, and the witness took the horse and kept him till the next spring, and then sold him for $30. The horse was sixteen or seventeen years old, and a good work horse. Witness thought that it was between the 10th and 18th of November, 1845, that he delivered the horse to Thom, after Bailey had demanded him.

The witness never paid, or promised to pay Thom any thing in consequence of his giving the note to Haynes for the amount of Haynes' execution against him; and Thom never requested the witness to pay the note, or to save him harmless against it, and he had never done either. The defendant, Thom, is seventy-eight years of age.

It also appeared in evidence that the body of the note in suit was in the hand-writing of Holbrook, who, at the date

of the note, kept an office as a practising attorney at law, in the town of Salem, and was the attorney of the plaintiff in the suit against Clark, in which said judgment was re-covered.

Upon this evidence the defendant rested his defence, and the plaintiff objected that it was incompetent to be submit-ted to a jury as evidence to make out the defence; but the court being of opinion that it was competent for the consid-eration of the jury, from which they might find a want of consideration in the note, ruled it admissible. A verdict was thereupon taken, by consent, for the defendant, subject to the opinion of the superior court, the verdict to be set aside and a new trial granted, or judgment entered on the verdict, according as their opinion should be; and the case was transferred to this court for their determination.

*Stickney & Tuck*, for the plaintiff.

A promissory note, expressed to be for value received, imports a consideration, and the presumption of law is, that it was given for an adequate consideration. Chitty on Bills 79. It is incumbent on the defendant to make out his de-fence, and to prove affirmatively that the note was given without consideration or obtained by fraud.

The defence set up was, that the receipt mentioned in the case was given for property attached on the plaintiff's writ against John Clark, and that more than thirty days had elapsed after judgment was rendered before the prop-erty was demanded on the receipt, and, consequently, that the attachment was dissolved, and the defendant was not holden liable on the receipt.

We say there was no competent evidence submitted to the jury to prove such a state of facts, or to show fraud or a want of consideration in the note. There is no dispute that the plaintiff had an execution against Clark, in the hands of Bailey, a deputy sheriff, and also a receipt of some kind; that this reciept was given up to the defendant,

on his giving this note, and that the note was received and considered as a settlement of the execution. But it does not appear what the receipt was for, and there was no competent evidence to show the contents of the receipt. It is well settled that the contents of a receipt cannot be proved by parol, without producing the receipt. The defendant had the receipt, and did not produce it. He cannot, therefore, prove its contents by other evidence. Unless the receipt be shown to be lost, its contents cannot be proved except by exhibiting the receipt itself. Bailey says " when the execution was put into my hands, a receipt for property, attached on the writ by another officer, was also delivered to me." That, we say, was not competent evidence to go to the jury to prove the contents of the receipt. The defendant cannot prove, in this indirect way, what he cannot prove directly. If the witness had been asked what were the contents of the receipt, he could not have given that answer, and such a question would have been incompetent, unless the receipt were lost. This evidence, therefore, was not proper to go to the jury to prove the contents of the receipt. The same may be said of other similar statements in the testimony, and if this incompetent evidence be laid aside, there is no evidence to prove the contents of the receipt.

There was no evidence, competent to go to the jury, to prove that any property was attached on the writ. Clark speaks of having got the defendant to receipt for a horse ; but it was not competent to prove, in this way, that a horse had been attached on the writ. The officer's return was the best and only evidence to prove that fact, but no writ was produced. In order to make out the defence set up, the defendant should prove, by competent evidence, that property was attached, and that the receipt was given for the same.

There being, then, no competent evidence of the contents of the receipt, there was no evidence of the want of a consideration. A receipt of some kind was given up to the defen-

dant, in consideration of his signing this note, but it will
not be presumed, in the absence of all proof as to its con-
tents, that it was a receipt of no validity and of no value.
The presumption is the other way, that it was a receipt in
full force and of value to the parties. When it appears
that a paper was surrendered as a consideration of the note,
and it does not appear what its contents were, the law will
not presume that the paper was of no value, and it is not
incumbent on the plaintiff to prove the contrary. The note
purports a consideration, and the burden of proof is on the
defendant to show that the paper was of no value. There
was no evidence that any misrepresentations were made or
any fraud practised to induce the defendant to give the
note.

But assuming the facts to be as stated by the defendant,
yet we contend that the evidence shows a good considera-
tion for the note. Ignorance of the law excuses no one,
and men are presumed to understand their rights. It does
not appear that the defendant was ignorant of the facts.
He had the means of knowledge equally with the plaintiff.
The records of the court showed when judgment was ren-
dered and when execution issued. The court sat in August,
and he gave the note after the middle of November. He
was notified of the claim a week or more before he gave the
note, and had an opportunity to inform himself. He cannot
be presumed to be ignorant of his rights or of the facts, but
the presumption is that he knew what he had the means of
knowing. Now, if the defendant, knowing all the facts, or
having the means of knowing them, gave this note volun-
tarily, he is bound by it, and cannot now repudiate it. In
order to make out any show of defence, he should prove
affirmatively that he was ignorant of the facts, and did not,
consequently, understand his rights; but there was no com-
petent evidence to go to the jury to prove that he did not
know all the facts, and understand his rights perfectly.

The compromise or surrender of doubtful rights is a good

consideration. 1 U. S. Dig. 102. The conveyance of all the payee's right in land is a good consideration for a note, though the payee had no right in the land at the time. *Perkins* v. *Bumford*, 3 N. H. Rep. 522.

In this case, the plaintiff had a claim which he surrendered. He had the receipt which he considered of value, and which he gave up to the defendant on receiving this note. This, we contend, was a good consideration. It is not essential that it should appear that the claim surrendered was a legal one, which he could enforce, or a valid one. He presented and insisted upon the claim, and the defendant settled it by giving this note, and he is now bound by it. Damage to another, or suspension or forbearance of his right, is a good consideration for a note. *Farmer* v. *Stewart & a.*, 2 N. H. Rep. 101; *Foster* v. *Fuller*, 6 Mass. Rep. 58.

This note was given by the defendant and received by the plaintiff, in settlement and satisfaction of his judgment and execution against Clark. It was, therefore, a satisfaction of that judgment. A note is a satisfaction of a judgment, or any other debt, when it is received as such, and suspends the right of action upon the judgment or debt while the note is outstanding. The plaintiff received and considered this note as a settlement of his debt against Clark, and made no effort to collect it of him. No objection was made to the note by the defendant for two years. At his request, the note was left with Bailey, until it was convenient for him to pay it. He gave no intimation to Bailey or to the plaintiff that he did not intend to pay the note until two years afterwards, when he was called upon by Bailey to pay it. During these two years the plaintiff considered his debt against Clark as settled by this note, and, consequently, forbore to make any effort to collect his debt of him. If the defendant had notified the plaintiff that he did not intend to pay the note, the plaintiff might have abandoned the note and collected his debt of Clark, but he gave no such notice, and gives no reason now why he did

not. We say, therefore, that this suspension of the plaintiff's right of action against Clark, this forbearance to collect his debt of Clark, is a good consideration for the note, and the defendant cannot set up a want of consideration as a defence to it. If a man chooses to give his note for the debt of another, and thereby induces the payee to forbear collecting his original debt, he is bound by it, and cannot afterwards avoid the note, on the ground that he received no benefit from it.

All the evidence in the case is reported, and it is for the court to decide whether it makes out a defence. We think that it does not, and that the court should have so ruled. There was no sufficient or competent evidence to prove the facts set up in defence. There is no dispute about the facts, so far as they go and are competent, but the whole evidence taken together does not make out a defence.

*Porter*, for the defendant.

The note declared on is void for want of consideration, it having been made to discharge a supposed liability of the defendant, on his receipt for property attached in the suit against Clark. At the time the property receipted for was demanded, the receiptor was discharged from all liability on his receipt, more than thirty days having elapsed after the judgment, before the property called for. Comp. Stat. 473, § 35; *Copp* v. *Sawyer*, 6 N. H. Rep. 386; *Earle* v. *Page*, 6 N. H. Rep. 477; *Bean* v. *Jones*, 8 N. H. Rep. 149; *Dunbar* v. *Marden*, 13 N. H. Rep. 311; *Clark* v. *Ricker*, 14 Mass. Rep. 44; *Adams Bank* v. *Anthony*, 18. Pick. 238; *Com. Ins. Co.* v. *Whiting*, 1 Met. 21; *Warren* v. *Stearns*, 19 Pick. 73; 3 B. & P. 252, note.

The receiptor is also discharged, because when the property was demanded by the officer, he offered to deliver it, having it present at that time for that purpose, and the officer would not accept it. *Weld* v. *Hadley*, 1 N. H. Rep. 295; *Chase* v. *Flanders*, 2 N. H. Rep. 417.

The receiptor, in offering to deliver the property, acted under a mistaken notion that he was bound to do it. He did not know that thirty days had elapsed after the judgment before the property was demanded. The officer did not know it; he so swears. It does not appear that the defendant knew that the attachment was dissolved in thirty days after the judgment; and the note was made under the same circumstances of ignorance, on the part of the defendant, of the facts, and also of his legal liabilities, and, therefore, he is not bound by his promise. *Warren & a. v. Tucker*, 7 Mass. Rep. 449; *Goodall & a. v. Dalley*, 1 D. & E. Rep. 712; 5 Burr. 2670; *Cabot v. Haskins*, 3 Pick. 83.

If the defendant had actually paid the amount of the execution and fees in money, instead of giving his note, he might recover it back, as money paid in his own wrong. *Garland v. Salem Bank*, 9 Mass. Rep. 408; *Williams v. Bartholomew*, 1 B. & P. 325.

Clark was no party to the giving of the note, and Thom will have no remedy against him, if compelled to pay it; whereas Haynes has a perfect remedy against Clark; and equity and good conscience require that he should resort to Clark, who owes the debt, instead of Thom, who does not owe it.

Under the circumstances of the case, it was unnecessary for the defendant to show, by the return on the original writ, Haynes against Clark, whether any, and if any, what property was attached thereby; or by the production of the receipt, whether any and what property he receipted for. Because when the note was given the plaintiff, by his agent, Bailey, asserted that property was attached on that writ; that the paper put into his hands with the execution was Thom's receipt for that property; and the property offered to be delivered to Bailey by Thom, was treated throughout and admitted by Bailey to be *the* property attached and specified in the receipt, and the acceptance of it was not de-

clined by Bailey on the ground that it was not the right property, but for another reason which he stated. Bailey and Holbrook were the plaintiff's agents, and he is governed by their acts. *Baring* v. *Clark*, 19 Pick. 220; *Coates* v. *Bainbridge*, 5 Bing. 58; Story on Agency, § 250.

A party is estopped from denying whatever he asserts or admits, whereby another is induced to do any act or assume any liability that he otherwise might not have done. The conduct of a party may contain an assertion or admission, as well as his words. These principles will be found sustained by the following authorities. 1 Greenl. on Ev. § 203; 1 Esp. N. P. Cases 340; 1 Stephen's N. P. 1612, 1622; 2 Phillips' Ev. 278; *Cong. Society in Troy* v. *Perry*, 6 N. H. Rep. 164; *State* v. *Dwinnell*, 6 N. H. Rep. 167; *Huntington* v. *The American Bank*, 6 Pick. 340: *Hinsdale* v. *Leonard & a.* 16 Mass. Rep. 65; *Shelley* v. *Wright*, Willes 9; 2 B. & A. 544; *Rankin* v. *Hanson*, 1 East 193.

In regard to the plaintiff's having possession of the receipt and the giving it up to the defendant, constituting a good consideration of the note, as insisted on by the plaintiff's counsel, it is deemed only necessary to say, further, that under the circumstances of the case, the receipt had ceased to have any binding force or legal value, and the plaintiff had ceased to have any legal property in it, and it had become quite immaterial in law who had possession of it.

*Stickney & Tuck*, in reply.

The authorities, cited by the other side, to show that the admissions of a party are competent to prove the contents of a writing, do not apply to this case; because there is no evidence whatever of any admissions of the plaintiff or any of his agents. Bailey does not undertake or profess to state what the plaintiff or Holbrook told him as to the contents of the receipt. He evidently speaks from his own examination of the receipt. The rule, therefore, that the best evidence must be produced, and that the contents of a written instru-

ment cannot be proved by parol, applies to this case. 1 Greenl. on Ev. §§ 82, 87.

EASTMAN, J. From a perusal of this case there can be no doubt that the note in suit was given by the defendant, in consequence of his having receipted for a horse attached in the original action Haynes v. Clark; and the question for us to decide, whether the evidence introduced was competent to be submitted to the jury to show the note to be without consideration.

If the note was without consideration, the plaintiff must fail in his action; for want of consideration is a good defence to a promissory note, in a suit between the original parties. This is well settled. Copp v. Sawyer, 6 N. H. Rep. 386; Parish v. Stone, 14 Pick. 198; Hill v. Buckminster, 5 Pick. 391; Schoonmaker v. Roosa, 17 Johns. 301; Fink v. Cox, 18 Johns. 145; Barnum v. Barnum, 9 Conn. Rep. 242; Slade v. Halstead, 7 Cowen 322; Vallett v. Parker, 6 Wend. 615; Earl v. Page, 6 N. H. Rep. 477; Bulloch v. Agburn, 13 Ala. Rep. 346; Calder v. Bellington, 3 Shepl. 398; Barnett v. Offerman, 7 Watts 130; Geiger v. Cook, 3 Watts & Serg. 266.

But the release of an attachment is a good consideration for a promissory note. Hackett v. Pickering, 5 N. H. Rep. 19. And upon the same principle, a discharge from liability, as the receiptor of property, so long as the liability continues, must also be a good consideration. Was Thom, then, liable as receiptor at the time he gave the note, and had the receipt any validity which could form a consideration for the note?

It is contended in argument that there was no competent evidence of the contents of the receipt, or of the nature of the attachment upon the writ Haynes against Clark; that the evidence offered upon these points was all secondary. It is true, that the receipt was not produced, nor any reason given for its non-production; neither was the writ

produced, showing the attachment. But in order to make these objections valid, they should have been specifically raised at the trial. Secondary evidence is frequently admitted without laying the foundation for it, if there is no objection taken at the time it is offered. A general exception to the competency of evidence as not showing a defence, cannot reach specific exceptions as to the nature or degree of the evidence. *McConihe* v. *Sawyer*, 12 N. H. Rep. 396; *Concord* v. *McIntire*, 6 N. H. Rep. 527.

If these exceptions, suggested in the argument, had been taken at the trial, they could probably have been obviated; but after verdict it is too late to take exceptions which the other party might have obviated by evidence, if they had been seasonably taken. *North* v. *Crowell*, 11 N. H. Rep. 251.

Stripped of these technical exceptions, which cannot now prevail, the evidence in the case tended to show that the defendant receipted for a horse belonging to Clark, which was attached in the suit Haynes against Clark, in which suit judgment was recovered on the 10th day of September, 1845, that being the last day of the August term of the common pleas for that county held at that time. On this judgment execution was issued on the 18th of October following, and a demand made of the defendant for the property, probably about the 10th of November, 1845. Upon this state of facts, which, it is said, were known to the parties, it is contended that the surrender of the receipt to the defendant was a sufficient consideration for the note. But we cannot so regard it; and it appears to us that the jury might well find that the note was without consideration, and upon two grounds.

In the first place, Thom was discharged from his liability as receiptor, by the failure to take out execution on the judgment Haynes against Clark, and make demand on the receipt within thirty days. Property attached is holden only

until the expiration of thirty days from the time of render-
ing the judgment. Comp. Stat. ch. 195, § 35.

Probably the error in not having a seasonable demand
made for the property grew out of the mistaken notion that
judgment was not rendered until it was fully made up and
drawn out. The judgment was no doubt drawn up in form,
on the 18th of October, the day on which the execution was
issued, and not before. But the time on which a judgment
is rendered, unless there is some special order of the court
to the contrary, is the last day of the term, and such was
undoubtedly the fact here. The record shows that the judg-
ment was rendered at the August term, 1845, and there
being nothing in the record showing the contrary, the judg-
ment must have been ordered on the last day of the term,
which was the 10th of September, thirty-eight days before
the execution was taken out.

When a default has been entered in any action, the plain-
tiff may, if no continuance has been ordered, take judgment
at any time afterwards, as of the term when the default was
entered. But if judgment be thus taken more than thirty
days after the end of such term, any attachment which may
have been made by virtue of the original writ, will be *ipso
facto* dissolved. *Hackett* v. *Pickering*, 5 N. H. Rep. 24.
The judgment is rendered *as of the term*, not out of term,
and the attachment continues in force for the thirty days
only, from the last day of the term.

At the time the demand was made on this receipt, and,
in fact, where the execution itself was taken out, the attach-
ment was dissolved, and the defendant was, consequently,
discharged from his liability on the receipt. The receipt
was at that time worthless; it had no value for any one,
and could in no way be enforced. It was put into the
hands of Bailey to make demand on account of the attach-
ment of Haynes against Clark, and that alone; and that
attachment had, at that time, no legal existence; the prop-
erty receipted for could not be taken by virtue of the attach-

ment, and the receipt was necessarily entirely valueless. There is no intimation in the evidence that the receipt was taken or held for any other object than this attachment.

In the next place, the defendant duly tendered the property attached, to the officer when the demand was made, or at such time as the officer fixed; and thus, even assuming the receipt, at that time, to have been valid, the defendant's liability as receiptor was discharged. A tender and refusal is not a discharge upon any bond with a condition for the payment of money; nor upon any contract or promise to pay money; but the duty remains, and he who pleads a tender, in such cases, must allege that he is still ready to pay, and must bring the money into court. Bac. Abr. Tender F.; Coke on Lit. 207. But in an obligation or contract for the delivery of specific articles, a tender and refusal of the articles is a perpetual discharge; and, upon the ground that the defendant, having done all in his power to perform the condition or contract, and having been prevented by the fault of the other party, the non-performance is by law excused. Coke on Lit. 207; *Robbins* v. *Luce*, 4 Mass. Rep. 474; *Slingerland* v. *Morse*, 8 Johns. 474; *Coit* v. *Houston*, 3 Johns. Cases 343; 2 Swift's System 404; *Chase* v. *Flanders*, 2 N. H. Rep. 418.

The law requires a party to keep a tender of money good, but with cumbersome and specific articles, which are oftentimes perishable, and which cannot be kept without much expense and trouble, in many instances it is not so; and when the tender is made conformable to law and the terms and conditions of the contract, it is of itself, without any further act or care of the party, a discharge forever from all recovery on the contract itself.

Upon either of these grounds, the evidence was entirely competent to show the note to be without consideration, so far as the receipt is concerned.

It is contended in argument, however, that the defendant had ample means of knowledge as to his liability, and must

Haynes *v.* Thom.

be presumed to have given the note voluntarily and under-standingly, and is thus bound to pay it. It is said, also, that the note was given to settle the execution of Clark against Haynes. But notwithstanding the defendant may have had the means of knowledge, and notwithstanding the evidence tending to show the note to have been given for the execution, yet we cannot doubt that the defendant gave the note in order to clear himself from a supposed lia-bility on his receipt. He may have had the means of knowledge, and yet have been wholly ignorant of his true position in regard to the business. He had no wish to pay Clarke's debt, and Clark denies having given any indemnity for it; and it is clear to our minds that, had the defendant imagined that the receipt could not be enforced against him, he would never have given the note. We think the evi-dence was fully competent to show the surrender of the re-ceipt to be the whole consideration of the note; and if the note was given under a misapprehension of the defendant's liability, and with no valid consideration passing between the parties, he is not bound to pay it. An ideal danger which has no foundation in fact or in law, can form no con-sideration for a note. *Warder* v. *Tucker,* 7 Mass. Rep. 449 ; *Cabot* v. *Haskins,* 3 Pick. 83. See also *Farrington* v. *Brown,* 7 N. H. Rep. 271; *Merrimack County Bank* v. *Brown,* 12 N. H. Rep. 325; *Dunbar* v. *Marden,* 13 N. H. Rep. 311.

The result to which we have arrived does not discharge the indebtedness of Clark to Haynes. The execution was not assigned or surrendered at the time the note was given, nor the judgment discharged, and for aught that appears, the debt now remains uncancelled against Clark.

Upon the whole, we entertain no doubt of the compe-tency of the evidence to sustain the defence, and there must be

*Judgment on the verdict.*