5 | 19
d68 | 545

## W. H. Y. HACKETT *versus* V. PICKERING.

An attachment of goods is not to be considered as *ipso facto* dissolved by the lapse of thirty days after the end of the term when the defendant was defaulted, although no continuance of the cause was ordered; but a court **may** in its discretion order the cause to be brought forward at a subsequent term, in order to save the attachment.

And in such a case, a release of the attachment is a good consideration for a promissory note.

ASSUMPSIT upon a note, dated February 21, 1827, for $88,59, and payable to the plaintiff on demand.

The cause was tried here upon the general issue at February term, 1828, when it appeared in evidence, that Hackett, as the attorney of J. Brown, commenced an action in Brown's name against E. F. Rollins, and caused the goods of Rollins to be attached by virtue of the writ; and the defendant gave to the officer, who made the attachment, a written promise to deliver the goods, so attached, to the officer, on demand. The writ, on which the attachment was made, was returnable at the court of common pleas in Strafford county, January term, 1827, where the action was entered and defaulted. The said term of the common pleas ended on the 11th January,

B, Emerson

*Hackett*
*v.*
*Pickering.*

1827. The note on which the suit against Rollins was founded having been lost, or destroyed, Hackett was unable to obtain an execution. But on the 21st February, 1827, Rollins having absconded, the defendant applied to the officer for his written promise, given as aforesaid, which the officer refused to give up, unless the defendant would pay the debt. He consented to do this, and gave this note for that purpose. The defendant, in a conversation with the officer, two or three days before the note was given, was informed that he was still liable. When the note was given, the officer told the defendant, that he had not received the execution, and that he supposed the action was continued. The property which was attached as aforesaid, always remained in the possession of Rollins, who died some time in February or March, 1827. The loss of the said note, given by Rollins to Brown, was not known to the defendant, when this note was given.

A verdict was taken, by consent, for the defendant, subject to the opinion of the court upon the foregoing case.

*S. D. Bell*, for the plaintiff, contended, that the officer from whom the defendant derived his information in relation to the state of the action, *Brown* v. *Rollins*, stated his own belief truly, and the reasons of that belief; so that, if the defendant gave this note under any erroneous impression, the mistake was common to both parties, and no blame was justly to be imputed to the plaintiff.

But the facts of that case were precisely, as they were supposed to be by the officer. The action was still pending regularly in court, and the liability of this defendant upon his contract with the officer continued.

The loss of the note in no degree affected the rights of the parties. The plaintiff might have proved its loss, and given secondary evidence of its contents. 1 N. H. Rep. 192 ; 5 Mass. Rep. 103 ; 1 Caine's Cases, 27 ; 10 Johns. Rep. 363, 374 ; 12 ditto, 192 ; 16 ditto, 193 ; Peake's Ev. 96 ; Phillip's Ev. 346 ; 1 Starkie's Ev. 349, 354.

The action was defaulted, but no judgment was entered ; because, the case states, no execution could be obtained for want of the note. An execution might have been obtained of course, if there had been a judgment. The liability of this defendant was not then discharged by the lapse of thirty days after the court.

If the defendant was discharged at all, it must have been by the fact, that the court adjourned without there having been any further proceedings in the action, after the entry of the default. But this fact is wholly immaterial, unless it had the effect to put an end to the action, so that the plaintiff could in no event have obtained a judgment ; because property attached is holden, until thirty days after a judgment in favor of the plaintiff, or until a judgment is rendered in favor of the defendant, on which they may respectively have execution.

But it is believed, that the practice of the courts in this state has always been, that when any action remains undisposed of at the close of the court in any stage of the proceedings, it is a matter of course, that it should be brought forward, or, in other words, continued. That this has been the practice, an appeal is confidently made to the recollection of the court. And it is matter of frequent occurrence, that the court order actions to be brought forward, where, from any cause, a continuance was omitted to be entered. 1 Pick. 215, *Winslow* v. *Hathaway*.

The rule adopted by this court at February term, 1826, in the county of Strafford, affords irresistible evidence, that such was the practice of this court ; since it provides that no entry of a continuance shall be made after a default, except by order of court. It also provides a new entry, unknown to the common law, and the former practice of the court, for putting an end to those cases on the docket, " *dismissed by order of court.*" It is apparent, that, if a continuance by former usage could not be entered in such a case, and, if a default without

judgment put an end to the action, the rule was wholly nugatory and superfluous. This rule was never adopted by the court of common pleas. The practice of that court continues to be the same as the former practice of the superior court.

The practice of this court formerly, and the present practice of the common pleas, are in exact conformity to the practice of the common law courts in England. Although there may have been no proceedings in a cause for several terms, the proceedings may be recommenced by giving notice to the other party. Tidd's Prac. 696 ; 2 Salk. 645, *Hatchell* v. *Griffiths* ; ditto, 650 , *Lazier* v. *Dyer.* And in such a case, the court on motion will enter up judgment. Cro. Eliz. 145, 215, *Damport* v. *Thatcher.* Continuances are deemed matters of course, which may be entered at any time, but are not in fact entered, until the making up of judgment. Tidd's Pr. 92, 626 ; 6 D. & E. 618, *Bates* v. *Jenkinson* ; 2 Sid. 53, 60 ; 3 D. & E. 662, *Smith* v. *Bower* ; 2 Wilson, 203, *Wilkes* v. *Wood* ; 6 D. & E. 257, *Humble* v. *Bland* ; Salk. 179, *Curluis* v. *Padley.*

No advantage could ever have been taken of the want of a continuance after a default, except by writ of error, because the defendant has no day in court. Tidd's Prac. 796 ; 1 Strange, 267 ; 2 ditto, 1117. And the appearance of the party cures any discontinuance, if after verdict, by statute, 32 H. 8, C. 30 ; Tidd's Pr. 835 ; 6 D. & E. 255, *Humble* v. *Bland* ; 1 Salk. 177, *Walwyn* v. *Smith* ; 4 Mod. 86, S. C. ; and after a default, by the statute, 4 Ann, C. 16.

So that the appearance of the plaintiff would have cured any imagined want of a continuance, since he is the only party, to whom day is ever given after a default. Cro. Eliz. 144, *Mathew* v. *Hassal.*

But if the case of *Brown* v. *Rollins* had occurred in this court, and even if the entry " *dismissed by order of court*" had been made, it was by the terms of the rule in the power of the court upon application to grant further time

to enter up judgment, if they were satisfied that the justice of the case required it, and for that purpose to restore it to its place upon the docket.

But whatever may be the opinion of the court upon these questions, the surrender of a doubtful claim, or even of a right to prosecute a suit depending for its success upon an application to the discretion of the court, would be a sufficient consideration for the note on which this action is brought. The surrender to the defendant of his contract to deliver the property attached, was precisely equivalent to a release, which is a good consideration. Whether the plaintiff's claim in point of law was good or bad, the defendant chose to make a compromise with him, and it is now too late to make a question as to the goodness of his speculation. Chitty's Contracts, 10 ; 5 B. & A. 117 ; 2 Moore, 406 ; 8 Taunt. 354.

*Goodrich*, for the defendant.

The opinion of the court was delivered by

RICHARDSON, C. J. There is no pretence upon the case stated, that the note was obtained by any fraud or misrepresentation, which can render the contract void. The defendant was told, that he was still liable, and that the action was continued. But it does not appear that the officer who told him this, had any reason to suppose that what he stated was false, or that he made the statement with an intent to deceive. If there was any misrepresentation, it does not appear to have been made wilfully, for the purpose of deceiving. We therefore think, that the defendant is not entitled to retain the verdict on this ground.

But it is contended, that at the time when this note was made, the attachment was dissolved, and that therefore the note was given without any consideration. If this ground of defence be well founded in fact, it is a decisive answer to the action. It therefore becomes necessary to consider, what was the situation of the action, *Brown* v. *Rollins*, at the time this note was made ?

It appears by the case stated, that at that time more than thirty days had elapsed after the end of the term, when that action was defaulted. But the language of the statute is, " all goods or estate attached to respond the judgment that may be given in any suit shall not be released, or discharged from such attachment until the expiration of thirty days next after the rendering of such judgment, on which the plaintiff may have execution or until judgment be rendered thereon for the defendant, upon which he may have execution against the plaintiff." It does not appear, that judgment has ever been rendered in the action *Brown* v. *Rollins* ; for a default is not a judgment.

It is a common practice both in this court and in the court of common pleas, to continue actions for judgment after a default for the purpose of saving an attachment. This is often necessary, where there are several attachments upon the same property. In such a case, if he, who has the first attachment, cannot obtain judgment, those, whose attachments are subsequent, are compelled, in case of a default, to move that their actions be continued for judgment.

When a default has been entered in any action, the plaintiff may, if no continuance has been ordered, take judgment at any time afterwards as of the term, when the default was entered. But if judgment be thus taken more than thirty days after the end of such term, any attachment, which may have been made by virtue of the original writ, will be *ipso facto* dissolved.

And there are cases, in which this court, and we suppose the practice is the same in the court of common pleas, permits actions, in which defaults have been entered without continuances to be brought forward upon the docket, at subsequent terms in order to save attachments. Such permission, is, however, by no means a matter of course. Unless the application for the purpose be promptly made at the next term and upon the most

satisfactory grounds, the permission will not be granted, or at least will not be granted without so restricting it, that it shall not be to the prejudice of third persons.

In this case it is stated, that judgment could not be taken in the case of *Brown* v. *Rollins*, by reason of the loss of the note, on which that action was founded. When the loss of the note was first discovered, is not stated. But it seems the loss must have been first discovered after the court of common pleas adjourned, otherwise judgment might have been rendered by the court, notwithstanding the loss of the note. According to our practice, judgment cannot be taken by default in an action upon a promissory note without filing the note with the clerk, or, in case of the loss of the note, procuring a particular order of the court for judgment. The only method, by which the attachment in that case could be saved then, was by an application to the court at the next term to bring the action forward upon the docket. And so far as the facts are now disclosed in this case it seems to have been a proper case for such an application, and we think it may be reasonably presumed, that such an application, had it been duly made, would have been successful.

The circumstance, that Rollins died soon after the term when the action was defaulted, does not vary the law of the case. Because it is provided by statute that, " in all cases where any party shall die, and the cause of action doth survive and is prosecuted by or against the executors or administrators, the attachment made on the original writ shall be and remain good in the same manner as though such party had not died." Notwithstanding the death of Rollins, the action might have been brought forward and the attachment saved. 7 Mass. Rep. 254, *Rockwood* v. *Allen*.

If Rollins had died, and his estate had been represented as insolvent to the judge of probate, and had been decreed to be administered in the insolvent course before

4

the time when this note was given, in that case it might have been worthy of consideration whether the attachment must not be considered as thereby dissolved and the note as given without consideration. But it does not appear even that he was dead at that time, and we are of opinion that the attachment cannot be considered as then dissolved and that the giving up of the written contract to the defendant was, under the circumstances, a sufficient consideration to sustain this note.