NIHAN *v.* KNIGHT.

{ Aug. 13,
1875.

*Practice—Bringing forward action.*

Motion to bring forward an action and enter judgment as of the term when the motion was made, for the purpose of saving the attachment, denied, where it appeared that judgment had been entered at the preceding term.

FROM GRAFTON CIRCUIT COURT.

This is a motion to bring forward the action to save an attachment. The action was entered at the March term, 1874, and continued to September term, 1874, when it was entered on the clerk's docket "default, judgment;" but no judgment was ever entered up, and no execution was issued. There was an attachment of personal property on the writ, and a receipt was given for the same. The receiptor was of doubtful responsibility, and the plaintiff, after the receipt was given and before the property had been removed, objected to him; but the officer informed him, in substance, that he would guarantee the responsibility of his receiptor. After the close of the September term, coun-

sel for the plaintiff had a conference with Knight, one of the defendants, and took an order on one Hildreth, who was responsible and known to be so. The order was dated October 17, 1874. Hildreth lived at some distance from the plaintiff's counsel, and the counsel, believing that Hildreth would accept the order and would pay the same, and being obliged to leave home, October 19, to fulfil an engagement, did not present the order to Hildreth for acceptance until more than thirty days after the close of the September term; and when presented said Hildreth refused to accept or pay the same, claiming that he had no funds of the defendants in his hands which he was willing to appropriate to the payment of the same. On the first day of this term the plaintiff moved that said action be brought forward, and judgment entered as of the present term; to which the defendants objected, and claimed that if brought forward it should be saving the rights of third parties. The officer also objected to the action being brought forward, and testified in relation to the matter; and the court find, on the evidence, that the officer stands in no better position to resist the motion than the defendants themselves.

The court, STANLEY, J., *pro forma* granted the motion, and the defendants excepted; and the questions of law and discretion thereupon arising were transferred to this court for determination.

*Foster* (with whom was *Carpenter*), for the plaintiff.

*Farr & Stevens* and *Bingham & Mitchell*, for the defendants.

LADD, J. The question of discretion transferred for our consideration in this case is, whether, upon the facts stated, the motion of the plaintiff to have the action brought forward and judgment entered in the circuit court at the March term, 1875, for the purpose of saving his attachment, ought to have been granted; and I must say, it seems extremely clear to me it ought not. The action was entered at the March term, 1874, and continued. Whether it was answered to does not appear; but at the September term it was entered on the clerk's docket " default, judgment." This entry, under our practice, shows a special order of the court for judgment as of that term. If there had been no entry of judgment, but simply a default, the plaintiff might at any time afterwards have entered up a judgment, but still it must have been as of that term. There is no claim that the entry is wrong, and no motion to vacate the judgment then ordered.

But aside from this, it seems to me the facts stated do not show sufficient ground upon which the motion should be allowed. The only facts laid before us having any bearing upon the matter are, the taking of an order on Hildreth by plaintiff's counsel, his omission to present it for acceptance till after the expiration of the thirty days under the belief that it would be accepted, and Hildreth's refusal, after the lapse of thirty days, to accept or pay it, claiming that he had no funds of the defendant which he was willing to appropriate for that purpose.

I do not think it can be fairly claimed that here was anything done by the defendant to prevent the plaintiff from taking out and levying his execution in the usual way. There is nothing to show that any fraud was practised to induce the plaintiff to neglect taking out an execution. Indeed, it does not appear but that Hildreth all the time had in his hands funds of the defendant, or that the defendant did not believe he would accept and pay the order. The case falls entirely short of *Hackett* v. *Pickering*, 5 N. H. 19, and to grant the motion would, as it seems to me, be adopting a practice quite too loose, and one calculated to produce far more mischief than it would remedy.

CUSHING, C. J. Merely bringing an action forward and entering it upon the docket, is, I suppose, a matter of course whenever it is desired to make any motion in regard to it, and the convenience of the parties would be promoted by doing so. But bringing an action forward does not vacate a judgment. The entry upon the docket of " default, judgment," is evidence that judgment has been ordered. From what we know of the manner in which the records have been kept, I am afraid there are many cases where the only semblance of a record is the docket entry, and it has never been the practice to withhold execution until the full record has been made up.

Here, then, is a judgment on which execution might have been issued, and thirty days having elapsed, the lien of the attachment is gone.

The proposition is now to vacate that judgment for the purpose of saving, *i. e.*, restoring, the attachment. If I understand the evidence, there was ample time to have presented the order, and if payment were refused, to have taken execution and placed it in the hands of the officer. The attachment appears to have been lost by the negligence of the attorney. I do not understand from the case that the defendant had any reason to suppose that his order would not be accepted, or any evidence of any fraud or deception on his part. It appears to me, then, that the case does not come within any of the circumstances which justify vacating the judgment. It is not a case of fraud, accident, or mistake, and I think the exception should be sustained.

SMITH, J. The defendant was defaulted at the September term, 1874, and judgment was rendered against him in favor of the plaintiff. This the docket shows; and it makes no difference that the judgment was not formerly entered up on the records. The plaintiff could have taken out his execution without any further order or decree of the court, and by his neglect to do so, and levy the same, his attachment was dissolved in thirty days from the end of the term. It cannot be revived, at least against the rights of third parties, and in the absence of any fraud. The case falls short of *Hackett* v. *Pickering*, 5 N. H. 19, and *Rowe* v. *Page*, 54 N. H. 190, where no judgment had been rendered.

*Exceptions sustained.*