FOSTER *v.* FOSTER.

The damages recoverable by a warrantee for an incumbrance are not reduced to a nominal sum by his having knowledge of the incumbrance when he took his deed.

On the question of the depreciation of a house-lot by an incumbrance limiting its use, the opinion of a witness qualified by his own knowledge to decide the question is competent evidence.

When the probability of such an incumbrance being enforced is a circumstance that affects the market value of the encumbered lot, it is evidence on the question of the warrantee's damages.

In an action for breach of a covenant against incumbrances, when the plaintiff asserts an incumbrance held by a third person against whose claim the defendant pleads an estoppel, the holder of the alleged incumbrance may be made a party by amendment and notice, and on the question of estoppel there may be a trial and judgment by which the three parties will be bound.

COVENANT. Reported 62 N. H. 46. Verdict for the plaintiff. A house-lot on Park street, in Manchester, was conveyed, in 1873, by the Amoskeag Manufacturing Company, to Bartlett, who con-

veyed it with warranty to the defendant, who conveyed it with warranty to the plaintiff. The deed of the company to Bartlett contained a condition that the deed should be void if any building not necessary for the dwelling-place of one family should be erected or placed on the lot within twenty-five years. The defence was assumed by Bartlett, the defendant's warrantor.

*C. R. Morrison*, for the defendant.

*Chase & Streeter*, for the plaintiff.

Doe, C. J. The condition limiting the use of the lot was an incumbrance (*Foster* v. *Foster*, 62 N. H. 46, *Ayling* v. *Kramer*, 133 Mass. 12, Rawle Cov., 5th ed., s. 77), and the court rightly refused to instruct the jury that the plaintiff could recover no more than nominal damages if he was aware of the restriction when he bought the lot. *Nutting* v. *Herbert*, 37 N. H. 346, 350, 351, 353, 354; *Burbank* v. *Pillsbury*, 48 N. H. 475, 483; *Fletcher* v. *Chamberlin*, 61 N. H. 438, 480–482; Rawle Cov., s. 88. The plaintiff's right to substantial damages depends on his having suffered a substantial injury. "A paramount right which may wholly defeat the plaintiff's title is an incumbrance. It is a weight on his land, which must lessen the value of it." *Prescott* v. *Trueman*, 4 Mass. 627, 630. In *Wetherbee* v. *Bennett*, 2 Allen 428, 429, the incumbrance was a right of way existing at the time of the conveyance, but afterwards extinguished without expense to the warrantee, who had never been disturbed in the enjoyment of the land by any use of the way. "It does not follow from these facts that no actual damages had been sustained. While the right of way lasted, the plaintiff was precluded from using the part of the land covered by the way as fully as he otherwise might have done. He could not set a tree, or a post, or a building upon it, or enclose or cultivate it, or sell or lease it to any person to whom such an incumbrance would be objectionable. It was an apparently permanent subtraction from the substance of the estate."

The incumbrance in this case is not contingent. The right of the Amoskeag Company, by forfeiture or otherwise, to prevent the unauthorized use of the plaintiff's lot, began in 1873, and if it lessens the market value of the land he is entitled to indemnity. *Kellogg* v. *Malin*, 62 Mo. 429; *Bronson* v. *Coffin*, 108 Mass. 175, 190; *Mackey* v. *Harmon*, 34 Minn. 168. Bartlett, "in purchasing his lot, did not acquire the absolute and unqualified dominion over it. On the contrary, in his case, as well as that of the purchasers generally, it was a part of the title which he accepted that he should be limited in the use of the land in some very important particulars." *Linzee* v. *Mixer*, 101 Mass. 512, 530. The incumbrance was necessarily one of the elements of the price he paid. If the proprietary rights which he bought were worth only half as

much as the whole title, he probably paid the company only half of the value of the whole. But when he undertook to sell the whole to the defendant, there is a presumption of fact that the price paid by the defendant for a warranty deed of the land was more than the value of Bartlett's limited rights. And a like presumption arises upon the warranty deed by which the defendant undertook to make the plaintiff the owner of the land. The plaintiff's loss of value under an observance of the restriction may be a material question. And a witness qualified by his own knowledge to decide that question was properly allowed to testify that in his opinion the condition deprived the lot of half its value when the company conveyed to Bartlett in 1873. *Wetherbee* v. *Bennett,* 2 Allen 428, 430; *Joy* v. *Hopkins,* 5 Denio 84; *Carter* v. *Thurston,* 58 N. H. 104, 108. In this estimate all the damage resulting from a compliance with the condition was deducted from the value of the land.

But as the company have never complained of any of the numerous breaches of the same condition imposed by them in the sale of lots, there may be reason to believe they will not insist upon its observance in any case; and this circumstance may materially affect the market value of the encumbered lots. The damage sustained by the plaintiff in his loss of market value may be less than it would have been if the company had exercised their right of forfeiture in similar cases, or had taken some efficient course to secure a compliance with the restriction in many cases, or even in a single instance. The depreciating effect of the incumbrance may depend, to some extent, upon the opinion entertained by purchasers of the probability of the company's exercising or maintaining their right, as it would if the incumbrance were a right of way. In forming an opinion on the subject, purchasers would naturally consider the significant fact that although the condition has been generally violated (during the last fifteen years it has been violated in eighty-four out of one hundred and four cases on the street on which the plaintiff's lot is situate), the company have in no case manifested an intention to enforce the incumbrance. This is one of the facts that would influence bidders at an auction of the plaintiff's defective title. It is evidence of the market value of that title, and the rejection of such evidence, offered by the defendant on the question of damages, was error.

The defendant contends that the company are estopped to assert the existence of the incumbrance. If the plaintiff should prevail on this issue, and obtain a verdict for substantial damages, he would not thereby be precluded from maintaining the same defence in a writ of entry brought against him by the company. And if this defence should be successful in this case, he might nevertheless lose the land by the verdict of another jury on the same issue between him and the company. By an amendment and notice the company should be made a party to this suit, and on

this question there should be a trial and judgment by which the three parties will be bound.

*Verdict set aside.*

ALLEN, J., did not sit: the others concurred.