Merrimack, }
June, 1896. }

MURPHY *v.* HILL & *a.*

A lien secured by attachment is lost by a failure to levy within thirty days from judgment duly entered without fraud or mistake, and is not revived by a vacation of the original judgment and the rendition of a new judgment at a subsequent term.

When the validity of the title of one claiming land under an attachment and levy is brought in question in a suit to which he is not a party, he may be joined by amendment; and after due notice and hearing a judgment may be rendered which will be conclusive upon all the parties.

COVENANT BROKEN, against Winthrop Y. Hill and Nancy M. Hill. Trial by the court. Upon facts stated in the opinion, the court ordered judgment for the plaintiff against both defendants for nominal damages only. The plaintiff and Nancy M. Hill excepted.

*Burleigh & Adams*, for the plaintiff.

*Charles C. Rogers*, for the defendants.

PARSONS, J. April 3, 1890, the defendants conveyed to the plaintiff by warranty deed in common form the premises described in the writ. At that date the defendants had title to three fourths only of the land described in the deed. The defendants' covenants of title, seizin, and right to convey were broken upon the execution of the deed, and the plaintiff's right of action was perfect upon its delivery. *Morrison* v. *Underwood*, 20 N. H. 369, 371. The remaining fourth of the land which the defendants' deed purported to convey to the plaintiff was, at the date of their deed, owned by one Clarence E. Hill. May 6, 1890, Clarence Hill conveyed by warranty deed his quarter interest in the premises to the defendants. By estoppel this conveyance enures to the plaintiff (*Kimball* v. *Blaisdell*, 5 N. H. 533 ; *Morrison* v. *Underwood, supra*), and had Clarence Hill owned at the time of his deed an unincumbered title to the quarter interest, the defendants' answer to the plaintiff's claim for substantial damages would be made out. But at the date of Clarence's deed to the defendants, his interest was incumbered by an attachment made March 26, 1890, in a suit against him. In this suit, Eaton, the plaintiff, has obtained judgment and execution, and levied upon Clarence's interest in the land. No redemption has been made from this levy, and Eaton now claims to

own the quarter interest formerly owned by Clarence. If Eaton's claim is valid, no title passed to the defendants from Clarence, and none has enured to the plaintiff. In this suit the plaintiff claims substantial damages because, as she claims, she does not own the quarter interest and Eaton does, while the defendants' claim is that the plaintiff owns the land and Eaton does not.

The controversy arises from the fact that although at the May term, 1890, in the action *Eaton* v. *Clarence E. Hill*, Hill was defaulted, judgment ordered, and execution taken against him, afterward at the following November term, upon motion the action was brought forward, and the execution having been returned and cancelled, the judgment was vacated, a new judgment rendered, and execution issued upon which the set-off under which Eaton claims title was duly made. The defendants' claim is that the lien of Eaton's attachment was lost by his failure to levy within thirty days from the entry of judgment in May, 1890. "Property attached shall be holden until the expiration of thirty days from the time of rendering a judgment in the action in favor of the plaintiff on which he can take execution." G. L., c. 224, s. 36; P. S., c. 220, s. 40. Nothing appears in the case tending to show that the judgment was not properly entered and intentionally taken by Eaton at the May term. If this were the case, it would seem to be clear that by force of the statute the lien of the attachment expired at the end of thirty days; and Eaton's title would not relate to the date of his attachment, but depends solely upon his levy, at the date of which Clarence Hill had no title because of his prior conveyance to the defendants. *Haynes* v. *Thom*, 28 N. H. 386; *Tufts* v. *Hayes*, 31 N. H. 138, 144; *Nihan* v. *Knight*, 56 N. H. 167, 169. An attachment is made by an officer who is authorized to serve the writ, and when it is once dissolved, vacated, or released the court has no power to revive it. The order of the court bringing forward the action and vacating the judgment rendered would not revive an attachment actually dissolved. The cases cited (*Hackett* v. *Pickering*, 5 N. H. 19, and *Rowe* v. *Page*, 54 N. H. 190) stand upon the ground that, as a default is not a judgment, the entry of default without an entry of judgment does not dissolve an attachment. Whether a mistaken or fraudulent entry of judgment in a defaulted action would cause the dissolution of the plaintiff's attachment at the expiration of thirty days thereafter, in the present state of the case cannot profitably be considered now; nor is it useful to attempt finally to determine any questions bearing upon the validity of Eaton's title. For if it should be held in this suit that Eaton owns the land, and the plaintiff should recover substantial damages, she would not be estopped by the judgment in her favor to claim in

a subsequent controversy with Eaton that she, and not Eaton, owned the land; nor, if it is held that Eaton has no title, would he be precluded from claiming the land of the plaintiff. Upon facts stated in the case, the defendants claimed and the court ruled that Eaton's levy was invalid as against Clarence's deed to the defendants of May 6, 1890, that Clarence's title to the quarter interest, passing to the defendants thereby, has enured to the plaintiff, and that she now owns the whole premises and can recover in this suit only nominal damages. But the validity of Eaton's title cannot be finally determined in this suit to which he is not a party; and until it be determined by a judgment binding upon Eaton that the claim of title now made by him is unfounded, it is not established that the plaintiff has not suffered damage from the defendant's breach. By amendment and notice, Eaton can be made a party to this suit, and a judgment can then be rendered by which all three parties will be bound. *Foster* v. *Foster*, 62 N. H. 532, 533, 534. At the trial term either party may apply for such amendment; and upon notice to Eaton all the facts bearing on his claim of title can be found, and the case be heard here, if desired, without prejudice to Eaton by any views herein expressed bearing upon the question of his title.

The case finds that the defendants conveyed by warranty deed in common form, and no finding of fact is reported that sustains the claim of the defendants' counsel that Nancy M. Hill did not join in the covenants sued upon. The facts reported negative such claim, and no question of law arises thereon.

*Case discharged.*

CLARK, J., did not sit: the others concurred.