Rockingham, ｛
  Dec., 1900. ｛

## DUDLEY *v.* EASTMAN *& a.*

Where a deed of trust provides that the premises described therein shall be
conveyed to the *cestui que trust* after the death of a tenant for life, the
legal title to the remainder vests upon the determination of the particular
estate, by force of the statute of uses, without the formality of a con-
veyance.

A conveyance by a trustee which is not made under a power conferred by the
trust deed, nor in execution of the trust, transfers only his interest in the
premises ; and the written assent thereto of the *cestui que trust* does not
operate as a conveyance of the latter's estate.

The nature and extent of the right acquired under a deed cannot be deter-
mined as against a deceased grantee in a proceeding to which his legal
representative is not a party.

BILL IN EQUITY, to enjoin the foreclosure of mortgages held
by two of the defendants, to cancel a deed of trust to another,
and for an accounting against another. The facts, which were
found by a referee, are stated in the opinion.

*Frink & Marvin*, with whom were *Amy F. Acton* and *J. M.
Lesser* (both of Massachusetts), for the plaintiff.

*Eastman & Hollis* and *Arthur O. Fuller*, for the defendants.

PARSONS, J. The plaintiff did not elect to set the case for
hearing upon the bill and answer, and the parties proceeded to
proof. The defendants, having gone to trial on the facts instead
of insisting upon hearing upon the bill and answer, waived the
filing of the replication required by Rule in Chancery No. 22,—
56 N. H. 608. The defendants having waived the form, the case
stands as if such replication were in fact filed, or the plaintiffs
may now reply if they have not done so. *Rogers* v. *Mitchell*, 41
N. H. 154, 160. The answers, therefore, are pleading and not evi-
dence. Rule in Chancery No. 9,— 56 N. H. 606 ; *Wilson* v. *Towle*,
36 N. H. 129, 135 ; *Ayer* v. *Messer*, 59 N. H. 279, 280. The case
therefore stands upon the facts alleged in the bill which are not
denied or explained in the answers (Rule in Chancery No. 8,—
56 N. H. 605) and the findings of fact made by the referee.

September 10, 1867, Mary F. Dudley conveyed the property
covered by the defendants' mortgages to Arthur W. Dudley as
trustee, upon the trust, among others, to convey one half of the
premises to the plaintiff after the death of certain persons named

in the deed.   November 5, 1880, the last surviving life tenant died.    Thereupon, by force of the statute of uses, the legal title to one half or such portion of the estate as the plaintiff was entitled to under the trust and its administration by Arthur, vested in the plaintiff without the formality of a conveyance by him.   *Fellows* v. *Ripley*, 69 N. H. 410.

Prior thereto (August 17, 1877), Arthur W. Dudley executed to one Hackett the mortgages now held by the defendants Eastman and French.    The mortgages do not purport to be made under a power conferred by the trust deed, or in execution of the trust, and so far as now appears convey only Arthur's interest, though purporting to convey the whole title.    P. S., c. 137, s. 18.    Arthur as trustee would have a lien on the trust estate for expenditures in its protection and in execution of the trust; and if, as alleged in the answers, the consideration of the mortgages represents such expenditure and exceeds the value of the real estate, nothing remains for the beneficiaries under the trust deed, and the plaintiff has no interest in the premises. These, however, are questions of fact which are now undetermined.

December 22, 1881, Arthur W. Dudley conveyed to William P. Moulton, who is not now living, "all my lands, tenements, hereditaments, and real estate whatsoever, situate in said Brentwood and Exeter, with the appurtenances," in which towns the trust estate was situate and in which towns the grantor owned no other estate.    The deed was upon the trusts: First, to sell so much thereof or of the growth thereon as may be necessary to pay the two mortgages now held by the defendants ; second, to convey such part thereof to Sophia C. Dudley, the plaintiff, as in his judgment she is equitably entitled to, in satisfaction of her rights in and to said real estate by virtue of the deed of trust before mentioned from Mary F. Dudley to said Arthur W. Dudley.   The deed from Arthur to Moulton could not, and as matter of fact did not, purport to convey anything but Arthur's estate in the premises.    A material question then, as now, upon the extent of Sophia's equitable interest, was whether the Hackett mortgages were an equitable lien upon the whole estate, or only a legal charge upon Arthur's share.

December 22, 1881, the plaintiff executed in due form for the conveyance of real estate the following indorsement upon Arthur's deed to Moulton: " Know all men by these presents: That I, Sophia C. Dudley, within named, hereby consent to the within conveyance to said William P. Moulton upon the trust therein specified, and hereby agree to accept such portion of said real estate as may be conveyed to me by said Moulton under the provisions of said deed in satisfaction of my claim upon said real estate by vir-

tue of said trust deed and upon said Arthur W. Dudley on account thereof." The referee ruled that this indorsement was a ratification and indorsement of the mortgages to Hackett, and ordered the bill dismissed as to Eastman and French. The case is here on exception to this ruling. We have come to the conclusion that this ruling cannot be sustained in the present state of the proof. At the time of the deed the record title to the whole was in Arthur. As it has not been established that any lien of Dudley as trustee existed against the property, Arthur and Sophia each held the legal title to one half. Sophia's consent to Arthur's deed, which could not in law and did not in fact purport to convey her legal title, cannot operate as a conveyance of her estate. She did not assent to the Hackett mortgages, but to Arthur's conveyance of his estate to Moulton. The instruments indicate that there was, or may have been, controversy between Arthur and Sophia as to the extent of Sophia's interest in the estate. The instrument she signed contained her agreement to be bound by Moulton's determination of that controversy. If Moulton determined that the Hackett mortgages were a charge upon the estate, and Sophia's interest was only a share in the equity, by that decision she agreed to be bound. The deed conveyed to Moulton merely Arthur's interest. Sophia consented that Moulton should determine the extent of Arthur's right to hold the land. In substance, the transaction made Moulton trustee instead of Arthur, with the further agreement that his determination of the extent of the trust over the original estate then existing should be final. Her assent to Arthur's conveyance of all he could convey was not a conveyance of what he could not convey. The instrument she signed contained a provision for the conveyance to her of such portion of the real estate as Moulton should determine should belong to her. Aside from a method of announcing his decision, and perhaps perfecting the paper title, such conveyance would be unnecessary; for when his determination was made the legal title would rest in her for two reasons: (1) Because of the termination of the trust upon which Moulton held it, and (2) because she had never parted with the legal title which vested in her under Mary's trust deed upon the death of the life tenants. It is difficult to see how, in the absence of action by Moulton, or the establishment of fact, if it be a fact, that he conveyed none of the real estate to her because he found she owned no interest in it, Moulton acquired any title as against Sophia.

The defendants Eastman and French claim that the deed of trust executed by Arthur and indorsed by Sophia was a conveyance of the whole property for the payment of their debt, and that it is to be treated as a mortgage to the benefit of which they

are entitled. Assuming this claim to be sound, the nature and effect of the deed are properly considered so far as they are entitled to benefit thereunder in this proceeding to which they are parties. But the nature and extent of the right acquired by Moulton under the deed cannot be determined as against him unless he or his representative is a party to the proceedings. *Murphy* v. *Hill*, 68 N. H. 544. Notice of the suit should be given his executrix before farther proceedings are had.

The exception is sustained. The case will stand for trial unless the plaintiff concedes the truth of the allegations of the answers that the Hackett mortgages are a charge against the original trust estate. Upon such admission, the bill will be dismissed as against Eastman and French, and the plaintiff may, if she desires, have an accounting with the other defendant, Arthur W. Dudley.

*Case discharged.*

YOUNG, J., did not sit: CHASE, J., dissented : the others concurred.