## In re RUBIN & LIPMAN.

(District Court, S. D. New York. May 23, 1914.)

1. BANKRUPTCY (§ 415*)—DISCHARGE—OBJECTIONS—REFERENCE TO MASTER—HEARING.

A special master to whom specifications of objection to the bankrupt's discharge is referred for hearing and report cannot properly make a finding of fact with respect to an instrument which is not before him or with reference to which there is no appropriate secondary evidence.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 698–708, 719, 723, 724, 726, 728; Dec. Dig. § 415.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. BANKRUPTCY (§ 415*)—DISCHARGE—OBJECTIONS—REFERENCE TO MASTER—HEARING.

Where specifications of objection to a bankrupt's discharge were referred to a master who heard the testimony but died before making his report and a second master was appointed, it was improper for him to make a report on the evidence taken before the first master, without again hearing the witnesses.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 698–708, 719, 723, 724, 726, 728; Dec. Dig. § 415.*]

In Bankruptcy. In the matter of bankruptcy proceedings by Rubin & Lipman. Specifications of objection to the bankrupt's discharge having been referred to a second special master after the death of a master first appointed, questions were certified to the court before report.

Leo Oppenheimer, of New York City, for the motion.
Bogart & Bogart, of New York City, opposed.

MAYER, District Judge. In September, 1911, specifications of objections to the discharge in bankruptcy of Rubin & Lipman, individually and as copartners, were referred to Nathaniel S. Prentiss as special master, for examination, testimony, and report. Hearings proceeded before Mr. Prentiss, and, briefs having been submitted, the matter was thereupon closed. Thereafter the papers and exhibits in the case were destroyed by fire; Mr. Prentiss having had his office in the Equitable Life building. Before Mr. Prentiss was able to make his report, he died. Proceedings were thereupon referred to another special master for examination, testimony, and report in the place and stead of the deceased special master. In October, 1913, the second special master made his report recommending that the specifications be sustained and that the discharge of the bankrupt be denied. So far as appears, the special master did not have before him any of the witnesses, but he made his report solely on the record developed before the deceased special master. Before the report was filed, Rubin, one of the bankrupts, petitioned the present special master to reopen the proceeding on the grounds: (1) That the witnesses did not appear before the special master, and (2) that in passing upon the specifications the special master did not have before him all of the papers in the proceeding, particularly an important financial statement claimed to have been made by the bankrupt which it was alleged was materially false.

The two questions certified to this court by the special master are as follows:

"(1) Was it error under the rules of practice of this court, and the equity rules, for me to report upon the questions presented by the specifications of objection to the discharge, without having examined the witnesses and heard their testimony?

"(2) Was it error that I passed upon specifications based on the alleged material falsity of the financial statement, without the production before me of that statement or of a verified copy thereof?"

[1] As to the second question, it is impossible for me to understand upon what theory a special master can make a finding of fact

in respect of an instrument which is not before him or in regard to which there is not appropriate secondary evidence.

[2] As to the first question, I may say that I regard the presence of witnesses in a contested controversy as vital to its proper determination.

The appellate court in equity cases tried in open court, or in actions at law where the court sits without a jury, necessarily relies greatly upon the findings of fact made by the trial judge. It has long been appreciated that the trial judge has the opportunity of observing the witnesses and seeing much that cannot be adequately reflected in a printed record.

Similarly the District Court must place great reliance upon the findings of fact of special masters, because they bear substantially the same relation to the District Court that the court itself bears to the appellate courts. The District Court rarely needs the aid of special masters on questions of law, but for a prompt and efficient administration in bankruptcy their aid is of great service in settling disputed questions of fact in controversies of a kind which are usually bitterly contested and where the determination of questions of fact very often turns upon the impression made by human beings in the form of witnesses. It is mere travesty for the District Court to approve findings of fact upon the theory that witnesses have been seen and heard when, in point of fact, they have been neither seen nor heard.

The experience of little over a year with the new Supreme Court equity rules in this particular has already demonstrated that (except possibly in cases involving highly technical scientific questions) the trial of cases in open court is much more serviceable in arriving at where the truth lies than was the old system of laying a printed record before the judge.

It may as well be understood for the information of the bar that, unless in a proper case counsel stipulate otherwise, I shall not consider any contested case where the special master has not seen and heard the witnesses, and from this time on no fees will be allowed to any special master who reports on testimony in a contested case which he has not heard where any of the parties desire the personal presence of the special master during the taking of the testimony. I think it fair, however, in this particular case, that I should state that the special master doubtless concluded in good faith that he was performing his full duty because of the fact that all the testimony had been taken before the deceased special master.

An order has been entered in accordance herewith.