Hillsborough, }
Nov. 6, 1917. }

DESIRE C. LABONTÉ *& a* *v.* WILLIAM LACASSE.

WILLIAM LACASSE *v.* DESIRE C. LABONTÉ *& a.*

A decree cannot be entered upon a mere draft for a decree and a statement of the case, which were drawn by a deceased justice of the superior court but remained unsigned by him.

In covenant broken, neither the fact that the plaintiff knew the covenant was false nor the fact that the actual agreement differed from the covenant is a bar.

COVENANT BROKEN, and BILL IN EQUITY for the reformation of the deed relied upon in the action of covenant. The cases were heard together at the September term, 1916, of the superior court by *Pike*, C.J., who entered a verdict for the defendant in the action at law

but made no order in the equity suit. After the death of the chief justice, an unsigned statement of the facts in the case drawn up by him was filed in court and the presiding justice found from an examination of the notes of the testimony taken at the trial by Judge *Pike* that the facts were as set forth in the unsigned statement. The substance of the statement was that the covenant sued upon was broken by the defendant's lack of title to a portion of the property conveyed without reservation, but that it was not intended to convey such portion of the premises and that the deed should be reformed by inserting an exception of the property which the grantor did not own at the time of the deed because of a prior conveyance of the same to another party.

At the January term, 1917, the plaintiff's motion for a new trial was denied subject to exception, and the court ordered the entry of a decree reforming the deed which had been drawn up but left unsigned by Judge *Pike*. The question whether the facts stated sustained this decree was transferred by *Branch*, J., from the January term, 1917, of the superior court.

*Walter E. Kittredge* and *Frederick J. Gaffney*, for Labonté.

*Henri A. Burque*, for Lacasse.

PARSONS, C. J. As the issue raised by the bill in equity was left undetermined by the trier of fact, a new trial must be had unless the plaintiff abandons the proceeding. From the evidence considered by the court, the draft of a decree and a statement of the case and the notes of testimony and the fact that both decree and statement were unsigned, different conclusions might be reached as to what the trial judge intended to do, but it cannot be found that he did what he did not do. Report of an oral statement of the trial judge as to the finding he proposed to make would be evidence of the same character as the written memoranda left in this case, but it would hardly be contended that a *post mortem* judgment could be rendered upon the statement of a trier of fact as to what he intended to find.

The verdict ordered in the suit at law is also evidence of the orders intended to be made in the equity suit. But as such orders were not made, the verdict cannot stand. Knowledge by the plaintiff that the covenants were false when made would be no answer to the action at law. *Foster* v. *Foster*, 62 N. H. 532; *Fletcher* v. *Chamberlin*, 61 N. H. 438, 480–482; *Chamberlain* v. *Meader*, 16 N. H. 381, 384.

Neither could it be shown in that action that the contract differed from that contained in the writing.

The plaintiff's exception to the denial of his motion for a new trial is sustained.

*Decree set aside: new trial granted.*

All concurred.