**SMITH v. DENTAL PRODUCTS CO., Inc., et al.**
**No. 9461.**

Circuit Court of Appeals, Seventh Circuit.
June 8, 1948.

Harry G. Fins, Ralph M. Schwartzberg and Mark T. Barnett, all of Chicago, Ill., for appellant.

James R. McKnight and Robert C. Comstock, both of Chicago, Ill., for appellees.

Before MAJOR and MINTON, Circuit Judges, and LINDLEY, District Judge.

LINDLEY, District Judge.

Following the mandate of this court, as ordered in Smith v. Dental Products Co., 7 Cir., 140 F.2d 140, the District Court, having entered a decree enjoining defendants from using the trade-marks of plaintiff and from continuing unfair competition, referred the cause to a master to take and report an accounting as to the profits and damages for infringement of trade-marks and unfair competition incurred by plaintiff during a period of some nine years following February 10, 1936. The Master heard evidence at various times and, according to the transcript, on January 18, 1946, the parties agreeing, declared the proofs closed. He remarked, however, that if, after he had been able to examine the record, he should deem the evidence insufficient, he would not foreclose himself from the right to require further evidence. This reservation, he said, he made because of the broad differences between the parties and the different conclusions of the respective auditors. Thereafter, before making any finding or report, the Master died. A transcript of the evidence submitted before him, certified as correct by a private reporter, was later lodged with the District Judge.

On September 13, 1946, the court entered an order referring the cause to another master but two months later vacated it. Thereafter, on June 25, 1947, after the respective parties had presented their written briefs and argument, the court, after considering the transcript then in its possession, entered final judgment against the corporate defendant, without special findings of fact or conclusions of law but including in the formal judgment a finding that "plaintiff is entitled to recover on the basis of reasonable royalties for the period" in question and is "here-

by awarded the sum of $60,000 as profits and damages for trade-mark infringement and unfair competition," interest at 6% and costs.

Defendant now asserts that the District Court erred in failing to make special findings of fact and conclusions of law, as required by Rule 52(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c; that, inasmuch as the Master to whom the cause had been referred died before making a report, findings or recommendations, it was the duty of the court either to refer the cause to a second master for the purpose of a hearing de novo or to hear evidence itself; that the entry of judgment upon the transcript of testimony before the Master and in the absence of findings by the Master constitutes deprivation of due process of law, and that the judgment is contrary to the law and the evidence.

■ Under the Federal Rules of Civil Procedure (52 (a) ) the court "shall find the facts specifically and state separately its conclusions of law thereon and direct the entry of the appropriate judgment." This rule has been considered in Mayo v. Lakeland Highlands Canning Co., 309 U.S. 310, 60 S.Ct. 517, 84 L.Ed. 774; Bowles v. Russell Packing Co., 7 Cir., 140 F.2d 354; Bank of Madison v. Graber et al., 7 Cir., 158 F.2d 137; Dearborn National Casualty Co. v. Consumers Petroleum Co., 7 Cir., 164 F.2d 332 and in various decisions in the different circuits in agreement with the announcements of the cases cited. It is clear from these decisions that the requirement of the Federal Rules of Civil Procedure that the District Court make findings of fact and state conclusions of law must be reasonably complied with. As this court has said, "a fair compliance with this rule is mandatory." [140 F.2d 355.] "These are * * * mandatory provisions which should be respected; they are not meaningless words"; "findings of fact on every material issue are a statutory requirement." [158 F.2d 141] "There must be such subsidiary findings of fact as will support the ultimate conclusion reached by the court. Kelley et al. v. Everglades Drainage District, 319

U.S. 415, 420, 422, 63 S.Ct. 1141, 87 L.Ed. 1485." [164 F.2d 333] Clearly the ultimate finding of liability is not fair compliance and the failure of the District Court in this respect constitutes error under the facts of the case.

■ Plaintiff has submitted various citations to the effect that failure to comply with the rule is not fatal, if included in the judgment or opinion are findings and conclusions sufficient to constitute substantial compliance. Undoubtedly the rule does not require always the strictest technical compliance and the situation may be such that, by findings and conclusions in a memorandum of the trial court, substantial compliance is reflected, in which instance there is no error. Here there was no opinion, no memorandum of fact and law but only the ultimate finding.

■ We are confronted with another serious question, that is, the effect of the Master's death before he had made a report. The evidence was controverted; several hearings were had, controverted testimony was submitted and the Master himself remarked that the status was such that he might require the submission of further evidence. In other words, the Master's judgment upon the creditability of the witnesses appearing, we can never know. The rules contemplate that the District Court shall approve the findings of the Master "unless clearly erroneous," but what the Master thought about the witnesses, what he would have found as a matter of fact as to the verity of the testimony, matters which are part and parcel of the purpose of the reference to the Master to make findings and report to the court, are absent, and the reference, so far as legal effect is concerned, is a nullity.

■ Nor did the District Court see the witnesses. In Buchsbaum & Co. v. Federal Trade Commission, 7 Cir., 153 F.2d 85, 87, this court dealt with a similar situation. There a trial examiner of the Federal Trade Commission died before rendering his decision. We said: "The elementary principle underlying all trials of whatever nature seems to be that the rule of confrontation shall be applied

where the witnesses are available for that purpose, * * * Here there is no claim by anyone that the witnesses were unavailable, and counsel has cited no decision of our Supreme Court which in any way abrogates the ruling in the Ohio Bell Telephone case [Ohio Bell Telephone Co. v. Public Utilities Comm., 301 U.S. 292, 57 S.Ct. 724, 81 L.Ed. 1093] and the Morgan case [Morgan v. United States., 304 U.S. 1, 58 S.Ct. 773, 82 L.Ed. 1129], supra, both of which cases hold that a failure in this respect would amount to a failure of due process." The reason for the rule is applicable here; the deciding officer, whether administrative in character or judicial, has a real function to perform in due process. The defect is one going to the right of the parties to have a decision from the agency having jurisdiction upon the merits upon testimony submitted by witnesses whom the trial tribunal has seen and heard. In Morgan v. United States, 298 U.S. 468, at page 480, 56 S.Ct. 906, 911, 80 L.Ed. 1288, the court said: "There must be a full hearing. There must be evidence adequate to support pertinent and necessary findings of fact. Nothing can be treated as evidence which is not introduced as such. United States v. Abilene & Southern Ry. Co., supra [265 U.S. 274, 44 S.Ct. 565, 68 L.Ed. 1016]. Facts and circumstances which ought to be considered must not be excluded. Facts and circumstances must not be considered which should not legally influence the conclusion. Findings based on the evidence must embrace the basic facts which are needed to sustain the order. * * * The requirement of a 'full hearing' has obvious reference to the tradition of judicial proceedings in which evidence is received and weighed by the trier of the facts. The 'hearing' is designed to afford the safeguard that the one who decides shall be bound in good conscience to consider the evidence, to be guided by that alone and to reach his conclusion uninfluenced by extraneous considerations which in other fields might have play in determining purely executive action. The 'hearing' is the hearing of evidence and argument. If the one who determines the facts which underlie the order has not considered evidence or argument, it is manifest that the hearing has not been given." See also In re Rubin and Lipman, D. C., 215 F. 669; McAllen v. Souza, 24 Cal.App.2d 247, 74 P.2d 853; People v. Lewe, 383 Ill. 549, 50 N.E. 2d 577; Wainright v. P. H. and F. M. Roots Company, 176 Ind. 682, 97 N.E. 8; Labonte v. Lacasse, 78 N.H. 489, 102 A. 540; Hawley v. Priest Rapids Ice & Cold Storage Co., 172 Wash. 71, 19 P.2d 400. We think it was the duty of the District Court, in the absence of findings and report from the Master, in order to afford the parties a hearing within the recognized legal meaning of that word, to direct a trial de novo before another Master or before itself.

In this view of the case, it is unnecessary to consider, in fact, there are not presented, any other question pertinent or necessary to our decision.

The judgment is reversed with directions to proceed in accord with the announcements herein.