Hangen v. Robinson, et al.            CV-96-494-M    08/25/97

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

John R. Hangen and Ann Hangen

    v.                                    Civil No. 96-494-M

Wallace B. Robinson and
Betty Ann Robinson, et al.

**O R D E R**

In this quiet title action, the plaintiffs, John and Ann Hangen, move for summary judgment.  They seek to clear an attachment on their property obtained by defendants, Wallace and Betty Ann Robinson.  Defendants object.  For the following reasons, summary judgment is granted in favor of plaintiffs.

**Discussion**

Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The court construes the record in the light most favorable to the non-moving party, the defendants in this case, and draws all reasonable inferences and resolves factual disputes in their favor.  The Saenger Organization, Inc. v. Nationwide Ins. Licensing Assoc., No. 962197, 1997 WL 394469 at *1 (1st Cir. July 18, 1997).  When the moving party provides properly

supported and undisputed facts that lead to only one plausible legal conclusion, summary judgment is appropriate. Griggs-Ryan v. Smith, 904 F.2d 112, 115-16 (1st Cir. 1990).

In August 1995, plaintiffs purchased a condominium unit in Hampton, New Hampshire, that had been conveyed in 1992 to the sellers (plaintiffs' grantors) by tax deed from the Town of Hampton. Prior to the tax deed, while the property was owned by Norman Breault, several attachments and liens were recorded, including a lien by the United States Internal Revenue Service and an attachment filed by Wallace and Betty Ann Robinson. The Robinsons recorded their prejudgment attachment on the property in connection with a suit in Hampton District Court against Breault. Judgment was entered in that action on October 15, 1990, in the amount of $4,012.11 against Breault and in favor of the Robinsons.

Plaintiffs brought this quiet title action[1] to establish that the tax deed from the Town of Hampton extinguished all prior encumbrances on the title. In support of their summary judgment motion, plaintiffs assert that the Robinsons' attachment expired by operation of law on October 15, 1996, or six years after judgment was entered in their favor. See N.H. Rev. Stat. Ann. § 511:55.[2] Thus, whether the tax deed extinguished the Robinsons'

---

[1] Plaintiffs filed their action in state court in August 1996. It was removed to federal court pursuant to 28 U.S.C.A. § 1444, as a foreclosure action against the United States.

[2] The statute provides in pertinent part:

2

attachment or not, the attachment has plainly expired by operation of law. Plaintiffs have provided unchallenged copies of the recorded attachment and the judgment issued in favor of the Robinsons against Breault.

In objecting, the Robinsons do not dispute any facts but argue, without citation to any legal authority, that because their attachment was still valid when the quiet title action was first filed, its later expiration should not affect their interest in the property. The court finds no support for the Robinsons' theory. Instead, since the applicable limitation period has expired without execution by the Robinsons, the attachment is dissolved; it is no longer legally enforceable; and, it cannot be revived. See Murphy v. Hill, 68 N.H. 544, 545 (1896); Nihan v. Knight, 56 N.H. 167 (1875).

Accordingly, plaintiffs are entitled to judgment as a matter of law. The Robinsons' attachment, previously recorded against their property, has expired and is of no force or effect.

## Conclusion

---

    Real property attached shall be held until the
    expiration of 6 years and personal property until the
    expiration of 60 days from the time of rendering a
    judgment in the action in favor of the plaintiff on
    which he can take execution, and, if there are several
    attachments, the property shall be held for the
    creditors in the order in which their attachments were
    made.
N.H. Rev. Stat. Ann. § 511:55, I (1997).

3

For the foregoing reasons, plaintiffs' motion for summary judgment against defendants Wallace and Betty Ann Robinson (document no. 11) is granted.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

August 25, 1997

cc:   Peter J. Saari, Esq.
      T. David Plourde, Esq.
      Beth A. Westerman, Esq.
      Robert G. Tetler, Esq.

4